M. FRENCH *v.* CANTON, ABERDEEN & NASHVILLE RAILROAD
COMPANY.

PEREMPTORY INSTRUCTION.    *Material evidence.*

> A peremptory instruction for defendant ought not to be given at
> the close of the evidence because of the omission by plaintiff to
> prove material averments of the declaration, where the plaintiff
> contends that such facts were proved, and offers, if mistaken, to
> reintroduce a witness to establish them.

FROM the circuit court of Monroe county.

HON. NEWNAN CAYCE, Judge.

Mrs. French, the appellant, sued the railroad company for
the statutory penalty prescribed by § 3561, code 1892, for fail-
ing to construct and maintain stock gaps and cattle guards
where its track passed through the inclosed land of the plaintiff.
When the testimony was closed, and when the court was about
to pass upon a peremptory instruction asked for by defendant,
a controversy arose as to whether any evidence had been offered
showing, or tending to show, that the land was inclosed and
that plaintiff was the owner.    The plaintiff insisted that such
evidence had been offered, and the defendant contended to the
contrary.    Thereupon, and before the court passed upon the
instruction, the plaintiff asked leave to reintroduce a witness
and make such proof.    To this defendant objected, and the
court sustained the objection, saying that the trial had already
consumed twenty-four hours, and, while it was much to be de-
sired that the expense to the public in trying the case should
not be repeated, yet, to grant the application would be to re-
open the case and to retry the cause; that, while the court was
very desirous of giving every opportunity to parties of present-
ing their case, yet, unless some sufficient reason was shown
when the parties close their evidence, a case ought to be ended;

and the peremptory instruction for defendant was given. A verdict having been accordingly rendered for defendant, and a judgment entered thereon, the plaintiff appealed.

*Gilleylen & Leftwich* and *George C. Paine*, for appellant.

*Mayes & Harris*, for appellee.

WOODS, C. J., delivered the opinion of the court.

If the appellant, before offering to reintroduce the witness, J. W. French, upon the conclusion of the appellee's evidence, had already produced testimony showing that the land of appellant through which the railroad ran was inclosed land, and that she was interested in such land as the owner, then the peremptory instruction for the appellee should not have been given. If counsel had, for any reason, inadvertently failed to introduce this brief and simple evidence, as the court thought, or if the stenographer's notes failed to disclose this evidence, though really presented, as appellant's counsel asserted, then the court should have permitted J. W. French to be reintroduced and his evidence submitted on this point as to whether the lands were inclosed and were appellant's property, in which she was interested, although some part of the inclosed land may have been leased to a tenant. The few minutes which would have been consumed in this short and simple examination might well have been given to the further consideration of the case. If the evidence said by the court and appellee's counsel not to have been introduced by appellant before J. W. French was offered to be reintroduced had, in fact, been carelessly overlooked by appellant's counsel, the ends of justice demanded that such omission should be permitted to be supplied, even if the court should be delayed a short time in thus allowing the appellant to show, if she could, that her land was inclosed where the track of the railroad passed through it. The administration of law and the meting out of exact justice are to

be preferred to a parsimonious use of judicial time.    It is very desirable to put an end to litigation, but it is infinitely more desirable to have the rights of litigants fully and fairly presented to the court and tried upon the merits of the case.

*Reversed and remanded.*