ILLINOIS CENT. R. CO. *v.* BROWN.*

(Division A.   Jan. 2, 1928.)

[115 So. 115.   No. 26778.]

1. APPEAL AND ERROR. *Trial. Admitting in rebuttal, evidence which should have been introduced in chief, is discretionary, and action will not be held reversible error unless prejudice results.*

It is within discretion of court to admit in rebuttal evidence which properly should have been introduced in chief, and it will not be

held to be reversible error unless discretion is exercised to prejudice of rights of adverse party.

2. APPEAL AND ERROR. *Excluding defendant's evidence in reply to plaintiff's evidence in rebuttal, showing liability which he should have introduced in chief, held reversible error.*

In action to recover value of mules alleged to have been killed by defendant's passenger train, refusing to permit defendant in surrebuttal to reply to plaintiff's evidence in rebuttal that witnesses had discovered mule tracks on railroad track indicating that mules had run on track about one hundred and "fifty yards, which should have been introduced in chief as tending to establish defendant's liability, *held* reversible error.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 817, n. 73; p. 1003, n. 61; Trial, 38Cyc, p. 1357, n. 36.

APPEAL from circuit court of Alcorn county.

HON. C. P. LONG, Judge.

Action by Harry Brown against the Illinois Central Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

*May, Sanders & McLaurin* and *R. V. Fletcher,* for appellant.

The plaintiff relied upon the *prima-facie* case made by proof of injury by the running of the train and proof of the extent of the damage. Since it was admitted that the mules were killed by the running of the train, clearly the only defense that could be made was by proof that the accident could not have been prevented by the exercise of proper care on the part of those in charge of the train. This defense was fully and completely established by the testimony of the engineer and fireman. When the defense rested, the plaintiff for the first time called his witnesses and offered to negative the defense which he is bound to have anticipated by proof of tracks of mules discovered on the railroad track the next morning after the accident, which tracks indicated that mules had run for about one hundred fifty (150) yards on the track over

which the train had passed. It was reversible error for the court to permit the plaintiff, after the close of the case for the defense, to offer this evidence which was a part of his case in chief. As we have stated, the plaintiff must have known that the only defense available was the defense that was made, namely, that the engineer was unable to avoid striking the mules by the exercise of proper care in the operation of the train, and, if the plaintiff had available to him testimony that would enable him to invoke the doctrine of the last clear chance, he should have offered it at the outset, but he was content to rest his case upon the *prima-facie* case and offered no excuse for withholding this evidence to use after the defense had rested. The same sort of procedure was attempted in *Mock* v. *Hines, Director General,* 125 Miss. 111. See, also, *Railway* v. *Hayes,* 78 Miss. 321.

*B. F. Worsham,* for appellee.

*Mock* v. *Hines,* 125 Miss. 111, is referred to by counsel in their effort to criticize the manner of the trial of this case in the court below, and in referring to this case they say that the plaintiff rested on a *prima-facie* case. We respectfully submit that a casual reading of the Mock case demonstrates that while attorney for appellant claimed to have relied on the *prima-facie* statute, still in the very face of the statute he himself showed all the facts and circumstances surrounding the injury and did not in fact rely on the *prima-facie* statute. The only possible chance for Mock to have recovered or have had his case submitted to the jury was to show that the crossing was blocked for a longer period than five minutes, and this vital and sole point in his case was absolutely left out in offering the testimony in chief.

We confidently believe that this court will hold that the testimony offered by the plaintiff after defendant rested was directly in rebuttal to the testimony offered by the defendant, and that the court was eminently correct in

allowing the plaintiff to offer the testimony as rebuttal testimony.

In *Railway Co.* v. *Hays,* 78 Miss. 21, it is held, as has been repeatedly held by this court, that the burden of proof is placed on the defendant to show facts exculpating it from liability, and we do not think the procedure as outlined in that case was at all like the procedure in this case in its trial in the court below. It seems that practically after that case was closed a witness was introduced who claimed to have been standing near the scene of accident and who testified that the mule was fastened in the trestle. Evidently in the trial of the Hays case this testimony was new to the defendant; that it surprised them, and for this reason the court in its opinion criticized the manner in which the testimony was offered. However, the case was affirmed and the judgment allowed to stand.

Argued orally by *J. O. S. Sanders,* for appellant, and *B. F. Worsham,* for appellee.

Cook, J., delivered the opinion of the court.

This suit was instituted in the circuit court of Alcorn county to recover the value of six mules alleged to have been killed by the appellant's passenger train. There was a verdict and judgment for seven hundred fifty dollars, from which this appeal was prosecuted.

At the trial, it was admitted that the appellee was the owner of the mules sued for, and that they were killed by the appellant's passenger train No. 40. The appellee offered testimony to show the value of the mules, and rested his case. The appellant then offered the testimony of the engineer who was in charge of the train, and he testified that on the morning of the 19th of February, 1927, when the mules were killed, the train was going north toward Corinth; that the engine was properly equipped with headlight, brakes, and all modern im-

provements of engines, and that the engine and its equip-
ment were in perfect working order; that the accident
happened about two-thirty o'clock a. m., and it was rain-
ing at the time; that the mules were struck about sixteen
hundred feet north of the depot at Paden; that from the
south switch in the town of Paden to the north switch,
near which the mules were killed, the railroad track is
straight; that from the time the train passed the south
switch he was looking straight ahead, but did not see the
mules until the train was within about seventy feet of
them; that when he first saw the mules, some of them
were on the passing track, others between the main line
and the passing track, the distance between these tracks
being about ten feet; that just as he saw the mules they
turned to the west in an attempt to cross the main line
track, and were struck by the train before he had time to
do anything to avoid striking them. The fireman testi-
fied that the signals for the crossing in the town of
Paden were given and the bell was rung, and that he was
in his seat on the left side of the engine and was looking
ahead, but did not see the mules.

At the close of the appellant's testimony, the appellee
offered to prove by two witnesses that they examined
the railroad track on the morning that the mules were
killed, and they discovered mule tracks on the main track
of the railroad which indicated that the mules ran on the
track about one hundred and fifty yards. This testimony
was objected to as not being in rebuttal, but as being sub-
stantive testimony, which should have been offered be-
fore the plaintiff closed his case. This objection was
overruled and the testimony admitted. The appellant
then offered three witnesses by whom it proposed to prove
that they visited the scene on the morning after the acci-
dent, and there were no mule tracks on the railroad for
a distance of over one hundred feet south of where the
first mule was struck. This testimony was objected to,
and the objection was sustained on the ground that it was
substantive testimony which should have been introduced

as a part of appellant's case in chief, and one of the assignments of error is based upon the action of the court in admitting as being in rebuttal the testimony offered by the appellee after the appellant had closed its case, and refusing to permit appellant to introduce similar testimony to meet that offered in rebuttal by the appellee.

We think the evidence offered in rebuttal by the appellee was substantive evidence which tended to establish the liability of appellant, and that it should have been offered, if at all, as a part of appellee's case in chief. It is generally held, however, that it is within the discretion of the court to admit in rebuttal evidence which properly should have been introduced in chief, and, while this practice has been repeatedly condemned by this court, it will not be held to be reversible error unless this discretion is exercised to the prejudice of the rights of the adverse party.

When a plaintiff is permitted to introduce in rebuttal testimony which properly should have been introduced in chief, it is error to decline to permit the defendant to reply to this new matter by introducing testimony in sur-rebuttal. In the case at bar we think it was reversible error to refuse to permit the appellant to reply to the new matter introduced by the appellee in rebuttal.

*Reversed and remanded.*