RONEY *v.* STATE.

(Division B. Nov. 13, 1933.)

[150 So. 774. No. 30736.]

**B. F. Carter,** of Laurel, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**Griffith, J.,** delivered the opinion of the court.

Appellant was convicted of a violation of section 861, Code of 1930, which is the statute which makes it a felony for a parent to desert or willfully neglect or refuse to provide for the support and maintenance of his or her child or children under the age of sixteen years, leaving such child or children in destitute or necessitous circumstances. The principal defense of appellant was that the two children were not his, but were the illegitimate children of some other father; and he so testified as a witness in his own defense.

The evidence is sufficient to sustain the verdict, and we have carefully examined the several assignments of errors asserted to have been committed by the trial court, and are of the opinion that none of them are reversible under this record, and that but one will re-

quire comment in an opinion. That assignment is upon the fact that after the state had rested its case in chief, and appellant had introduced his evidence in defense, the state was permitted to introduce a witness in rebuttal, which witness testified in rebuttal, over the objection of appellant, but appellant had on numerous occasions admitted to the witness that the said children were his children, and not those of some other father.

Appellant complains of this evidence on two grounds: First, that no predicate was laid therefor; and, second, that the evidence was not properly rebuttal, but should have been introduced by the state before it closed its case in chief. As to the first ground, appellant overlooks the fact that the rule requiring the laying of a foundation or predicate for the introduction of evidence of admissions is operative only when it is sought thereby to impeach a witness other than a party to the litigation, and does not apply when the admission is one made by the party himself. 1 Ency. Ev. 610; 16 C. J. 626, 627.

Upon the second ground: It is the general rule in this state, as elsewhere, that the party who has the burden of proof, and the duty to open the case, must in his opening, and before he rests in his proof, introduce all the substantive evidence upon which he relies to establish his demand, and the extent of that demand. The rule has an apparent, but not real, exception in those civil cases where the introduction of less than the entire of the substantive evidence in the plaintiff's behalf makes out a prima facie case, whereupon the plaintiff may rest; the burden of proceeding with the evidence being then shifted to the defendant. The general rule first aforesaid has been in some cases rigidly enforced under our decisions, when the prosecuting party omits to introduce proof clearly essential to the maintenance of his case, and seeks to supply the omission by rebuttal. See, for instance, Mock v. Hines, 125 Miss. 111, 87 So. 423. On the other hand, a greater number of our decisions apply the more liberal rule, and in order

that justice may be done, have admitted testimony in rebuttal, although not strictly rebuttal in its nature, and this has been done even after the testimony has been closed on both sides. Smith v. Young, 134 Miss. 738, 769, 99 So. 370, 35 A. L. R. 69; Paepcke-Leicht Lbr. Co. v. Savage, 137 Miss. 11, 29, 101 So. 709; French v. R. Co., 74 Miss. 542, 21 So. 299.

There are such varieties of circumstances attending the trials of cases, which circumstances operate in so many ways upon the stated rule of procedure, so many instances arise where justice requires its relaxation, while in other cases the circumstances will be such as to demand a strict adherence to it, that appellate courts have been obliged to confide the determination of that issue largely to the discretion of the trial courts. Illinois Cent. R. Co. v. Brown, 149 Miss. 42, 47, 115 So. 115. And this is particularly true when, under the circumstances of the particular case, the question is not free from doubt whether the evidence offered in rebuttal is evidence in chief, or only that which properly belongs to rebuttal. So it is that appellate courts do not attempt to lay down precise rules for the control of the discretion of the trial courts in this matter, else the discretion would be unduly limited and hampered; but there is a rule which will be found of substantial aid in this connection, and while obviously not at all inclusive of all cases, it will cover most cases. That rule is that when the question is not free from doubt whether the evidence offered in rebuttal is that which belongs to the evidence in chief, or whether it is rebuttal evidence proper, the court should resolve the doubt in favor of the reception in rebuttal where (1) its reception will not consume so much additional time as to give an undue weight in practical probative force to the evidence so received in rebuttal, and (2) the opposite party would be substantially as well prepared to meet it by surrebuttal as if the testimony had been offered in chief, and (3) the opposite party

upon request therefor is given the opportunity to reply by surrebuttal.

The point raised by appellant falls within the rule just stated, and there was no error in the trial court in respect to it.

Affirmed.