FRED GANT v. STATE.

Feb. 1, 1954

No. 38993          51 Adv. S. 18          70 So. 2d 28

*Stone & Stone,* Coffeeville, for appellant.

*John E. Stone,* Asst. Atty. Gen., Jackson, for appellee.

McGEHEE, C. J.

This case in many respects is a companion case to that of W. O. Gant v. State, Cause No. 38994, this day decided. The proof as to the guilt or innocence of the appellant herein is substantially the same as that in the W. O. Gant case except that the appellant Fred Gant on his separate trial offered proof of an alibi as to his whereabouts at the time the property involved in the alleged theft is said to have been sold and delivered by him and his father on the 15th day of December, 1952, to the Mississippi Iron & Metal Company. Then, too, in the instant case the appellant assigns as additional errors, first, the action of the trial court in refusing a requested instruction on his behalf which stated that "if there is from the evidence a probability of the defendant's innocence, then

there is a reasonable doubt of his guilt and the jury should find him not guilty''; and second, that the court erred in allowing in rebuttal certain testimony which should have been introduced by the State in chief.

■■ This appellant likewise demurred to the indictment on the ground of the alleged insufficiency of the description of the property stolen as set forth in the indictment. We hold that there was no error in overruling the demurrer to the indictment under the authority of the cases cited in the companion case on that issue.

■ No reversible error was committed in refusing the instruction hereinbefore referred to, for the reason that the appellant obtained several other instructions on the question of reasonable doubt. Two of them required the jury to believe that the defendant was guilty ''beyond all reasonable doubt and to a moral certainty'' before he could be convicted. Another instruction told the jury that the accused could not be convicted ''on speculation, suspicion or prejudice, but only on responsible evidence satisfactory to the jury and sufficient to convince the jury beyond a reasonable doubt.'' ■■ Another instruction granted to the accused stated that ''if there are two reasonable theories arising out of the evidence and supported by the evidence, one favorable to the State and the other favorable to the defendant, both being reasonable theories, then it is the duty of the jury to adopt the one favorable to the defendant and acquit him even though the one favorable to the State is the stronger and supported by the stronger evidence.'' The accused was not entitled to the latter instruction given him by the court, since such an instruction ''is never proper except where a case rests entirely upon circumstantial evidence.'' Alexander, Jury Instructions, Section 172, page 82, and Lessie B. Brown v. State, Cause No. 38974, this day decided.

■■ As to whether or not it constituted reversible error to refuse the instruction to the effect that if there is

a probability of the innocence of the defendant then there is a reasonable doubt of his guilt, we refer to the case of Lessie B. Brown v. State, supra, and to the decisions therein referred to and quoted from. The instruction should have been given but in view of the other instructions obtained by the appellant, the refusal of this instruction is not reversible error.

As to whether or not the trial court committed reversible error in permitting testimony in rebuttal which the appellant contends should have been introduced in chief, it was held in Clark v. State, 181 Miss. 455, 180 So. 602, that: "It is not reversible error for the court to allow testimony in rebuttal which should have been introduced as substantive evidence in chief, unless it is shown that no opportunity is afforded the defendant to reply by sur-rebuttal testimony. Roney v. State, 167 Miss. 827, 150 So. 774, and other cases therein cited. In other words, the admission of such testimony rests largely within the sound discretion of the trial court."

In all other respects the same questions are raised on this appeal as are raised and disposed of adversely to the co-defendant of the appellant in the companion case, and the verdict of the jury on the conflicting testimony is likewise amply supported by the evidence. The case must, therefore, be affirmed.

Affirmed.

*Hall, Lee, Kyle* and *Holmes, JJ.,* concur.