275 So.2d 860 (1973)
J.O. BREAKFIELD
v.
STATE of Mississippi.
No. 47268.
Supreme Court of Mississippi.
April 2, 1973.
*861 Singley & Morgan, James R. Davis, Ken Conner, Columbia, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Special Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Chief Justice:
The defendant was tried in the Circuit Court of Marion County for the murder of his wife. Upon conviction, he was sentenced to life imprisonment in the state penitentiary. Although the testimony was conflicting, there was sufficient evidence to sustain a finding of the following facts.
On the afternoon of September 19, 1971, Breakfield and his wife were visiting in the house trailer of Mrs. Pearl Batte on Highway 35, five miles north of Columbia, Mississippi. Mrs. Paul Davis, who lived next door to Mrs. Batte, was sitting on the front porch of her home when she heard arguing and the sound of breaking glass coming from the trailer. Another witness who was in the area at this time corroborated Mrs. Davis' testimony as to the disturbance from within the trailer, and further testified that he heard the defendant say, "Woman, you don't believe I'll kill you, do you?" Breakfield left the trailer but returned shortly and threatened to shoot the door full of holes unless he was admitted. After he was again inside, the argument resumed and presently he and his wife emerged. Mrs. Davis, who was watching from her porch, stated that Breakfield fired a pistol into the ground and then laughed, saying, "I scared you, didn't I?" Mrs. Breakfield walked over and got into her car with the defendant following her. After she was in the car, the defendant walked up to it and put his arms in the window. At this point the shooting took place. The evidence showed that approximately six shots were fired. The defendant then called to Mrs. Davis and upon her arrival at the automobile stated to her that his wife had shot herself. Mrs. Davis looked into the car and observed that Mrs. Breakfield had been shot over the left eye. Paul Davis went to the scene of the shooting with his wife, and helped the defendant move Mrs. Breakfield over to the other side of the automobile. The defendant got under the wheel and proceeded to the hospital but was involved in an accident while enroute. A witness who stopped at the scene of the accident testified that the defendant stated that he had been run off the road; he got his gun out to shoot the person who had run him off the road but accidentally shot his wife.
The defendant first complains of the admission on behalf of the state of the rebuttal testimony of Mrs. Mazie Forbes, who had worked for the defendant prior to the shooting. Among other things, Mrs. Forbes testified that the defendant and Pearl Batte were having an affair. Defendant *862 contends that this testimony tended to show motive and should have been introduced in the state's case in chief. A review of the record reveals that throughout his testimony, the defendant professed great love for his wife; thus, this testimony can be considered to have been in proper rebuttal. Other parts of Mrs. Forbes' testimony tended to show that the defendant had spoken of taking his wife's life in the witness' presence, a fact which the defendant had denied on cross-examination. Finally, the record shows that the defendant was allowed to testify in surrebuttal to contradict the testimony of Mrs. Forbes. This Court has held that where surrebuttal testimony is allowed, the admission of questionable rebuttal testimony will not compel reversal. Gant v. State, 219 Miss. 800, 70 So.2d 28 (1954); Clark v. State, 181 Miss. 455, 180 So. 602 (1938); Roney v. State, 167 Miss. 827, 150 So. 774 (1933).
The next assignment of error is concerned with an instruction obtained by the state which told the jury that they could find the defendant guilty of murder if the deliberate design to kill existed at the very time the fatal shot was fired. The only medical witness was a Dr. Cook, who testified for the state that the victim died one week after the shooting from bronchial pneumonia which resulted from the gunshot wound. The defendant argues that there was a question for the jury as to whether or not the gunshot wound caused the bronchial pneumonia and that the words "fatal shot" constituted an erroneous assumption of fact. This assignment is without merit. Dr. Cook unequivocally testified that the gunshot wound caused or contributed to the bronchial pneumonia and no evidence was introduced to contradict this testimony. In short, we cannot say that the defendant was prejudiced by the assumption of a fact, if the instruction can be so construed. In the absence of such prejudice, a judgment of conviction will not be reversed. Rule 11, Miss.Sup.Ct. Rules.
Defendant next complains of the failure of the lower court to grant him a new trial on the grounds of newly discovered evidence. The record discloses that defendant's motion for a new trial contained an affidavit by one Jean Conerly, a household employee of defendant, who proposed to testify that she had heard the victim threaten to take her own life. The motion was properly overruled for two reasons: (1) The defendant and another defense witness testified at the trial as to having heard the victim threaten to take her own life, thus the testimony of Jean Conerly would have been cumulative only and therefore insufficient to form a basis for a new trial. Gambrell v. State, 238 Miss. 892, 120 So.2d 758 (1960). (2) The motion for a new trial was not supported by affidavit of the defendant and his attorney. Stewart v. State, 203 Miss. 295, 33 So.2d 787 (1948).
Defendant argues that the trial court erroneously sustained objections by the district attorney to numerous questions asked by defense counsel on the grounds that they were repetitious. A close reading of the record discloses that most of the questions to which objections were made were in fact repetitious. The trial court, in the exercise of sound discretion, has a duty to prevent waste of time through the asking of repetitious questions. Griffin v. State, 171 Miss. 70, 156 So. 652 (1934).
Finally, it is asserted that the verdict was against the overwhelming weight of the evidence. The defendant specifically charges that the testimony of Mrs. Davis contained many inconsistencies and was unworthy of belief. Although some of her answers were somewhat vague, they were not necessarily inconsistent and the weight to be given her testimony was a matter for the jury. McLelland v. State, 204 So.2d 158 (Miss. 1967). We have reviewed the record carefully and find no merit in this assignment.
A review of the record reveals no reversible error. The judgment is affirmed.
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.