## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 98-KA-00370-SCT

*MARIO RODRICUS McGAUGHY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/18/1998 |
| TRIAL JUDGE: | HON. BARRY W. FORD |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MELVIN C. ELLIS, III |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: PAT S. FLYNN |
| DISTRICT ATTORNEY: | JOHN RICHARD YOUNG |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 6/17/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/8/99 |

**BEFORE SULLIVAN, P.J., BANKS AND WALLER, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. Mario Rodricus McGaughy was convicted in the Circuit Court of Lee County of the capital murder of Zaccheaus Loving while engaged in the act of felonious child abuse. He was sentenced to a term of life without the possibility of parole in the custody of the Mississippi Department of Corrections with five years suspended. A single assignment of error is presented on appeal.

### STATEMENT OF THE ISSUE

**WHETHER THE TRIAL COURT ERRED IN ALLOWING DR. RING TO TESTIFY IN REBUTTAL AND IN REFUSING TO ALLOW SURREBUTTAL BY THE DEFENDANT.**

### STATEMENT OF THE FACTS

¶2. Mario Rodricus McGaughy ("McGaughy") was convicted of killing two-year-old Zaccheaus Loving ("Zaccheaus"), the child of McGaughy's live-in girlfriend. Zaccheaus was left in McGaughy's care while the child's mother, Chandra Loving ("Chandra"), was at work. When Chandra returned around 10:30 or 11:00 p.m., she asked McGaughy if Zaccheaus was in bed, and McGaughy replied that the child had been sent to bed for soiling his clothes. Chandra went to Zaccheaus' room, saw that he was asleep, and closed the door. McGaughy also told Chandra that Zaccheaus had fallen while in the bath tub and had hit his head.

¶3. The next morning Chandra attempted to rouse Zaccheaus, but he was unresponsive. She and McGaughy took the child to the North Mississippi Medical Center in Tupelo, where he was treated and then airlifted to LeBonheur Children's Hospital in Memphis. Zaccheaus was pronounced brain dead at 8:30 p.m. that evening. The cause of death was a stroke brought on by traumatic injury to the head.

¶4. The State presented various medical experts who testified that Zaccheaus died as a result of multiple blows to the head. The State further offered proof of scrapes and bruises on the child's body. The State's witnesses opined that the bruises on Zaccheaus were fresh, i.e. that they were inflicted within 24 to 48 hours of the child's death. Other witnesses testified that there were holes in the wall of the trailer that were not present when Chandra went to work. The investigating officer stated that the holes were consistent with the size of the child's head.

¶5. McGaughy's theory of the case was that Zaccheaus, who had a history of seizures and had taken medication for that condition, fell in the bath tub. McGaughy argued that the fall must have been the cause of the trauma to the head and the subsequent stroke which caused Zaccheaus' death. McGaughy described the scrapes and bruises on the child's body as old and generally typical for any active two-year-old. McGaughy admitted in signed statements that he had spanked the child for soiling his pants, but he denied that he had abused Zaccheaus. The statements also showed that McGaughy had been drinking that afternoon and night. McGaughy claimed that he had put the holes in the wall when moving some furniture earlier in the evening.

## DISCUSSION OF THE LAW

### WHETHER THE TRIAL COURT ERRED IN ALLOWING DR. RING TO TESTIFY IN REBUTTAL AND IN REFUSING TO ALLOW SURREBUTTAL BY THE DEFENDANT.

¶6. The determination of whether evidence is properly admitted as rebuttal evidence is within the trial court's discretion. *Wakefield v. Puckett*, 584 So.2d 1266, 1268 (Miss.1991). Therefore, on appeal, we review such a ruling only for an abuse of discretion.

¶7. McGaughy alleges that the trial court committed reversible error by allowing the State to put on the testimony of Dr. John Ring ("Dr. Ring"), the treating pediatric physician from LeBonheur Children's Hospital, as rebuttal evidence instead of using Dr. Ring's testimony in its case-in-chief. He also claims that the defense expert, Dr. Charles McLees, should have been allowed to be brought back for surrebuttal.

¶8. During its case-in-chief, the State produced the nurse who saw Zacheaus at the hospital in Tupelo, the child's regular physician, the neurosurgeon who sent the child to LeBonheur, and the state medical examiner who performed the autopsy. They testified to the extent and source of the child's injuries and the cause of death.

¶9. Dr. Charles McLees ("Dr. McLees") testified as an expert on behalf of the defense. It was his opinion

that most of the bruises found on Zaccheaus were old and had not been inflicted during the two days prior to death. Dr. McLees' testimony contradicted the testimony of the State's witnesses, who described many of the bruises as fresh. Dr. McLees testified that no scientific analysis had been made of any bruises and, therefore, dating the bruises was purely conjectural. Dr. McLees also attacked the medical examiner's conclusion that Zaccheaus received multiple blunt object blows which produced severe trauma and eventually caused the child's death. Dr. McLees' opinion was that the child had received "one blow, very prominent decelerating blow" from a "fairly immovable object."

¶10. The State asserts that Dr. Ring's testimony was necessary to rebut the opinion of Dr. McLees that most of the bruises were old. Additionally, the State claims that Dr. Ring's schedule prevented him from arriving at trial until after the State had completed its case-in-chief. McGaughy counters that Dr. Ring's name was included on the State's list of witnesses to be used in its case-in-chief, and that to allow a third pediatrician to testify was improper because it was an impermissible attempt to bolster the testimony of the two doctors who testified in the State's case-in-chief.

¶11. Precisely stated, McGaughy advances two propositions which he alleges require reversal. First, he asserts that the testimony of Dr. Ring rightfully should have been introduced during the State's case-in-chief. Second, assuming that Dr. Ring's testimony was proper rebuttal, the trial court was required to allow him surrebuttal.

¶12. First, we must determine whether the trial court erred in allowing Dr. Ring's testimony in rebuttal. *Parker v. State*, 691 So.2d 409, 413 (Miss. 1997). Generally, the party bearing the burden of proof must offer all substantive evidence in its case-in-chief. *Hosford v. State*, 525 So.2d 787, 791(Miss.1988); *Roney v. State,*167 Miss. 827, 830, 150 So. 774, 775(1933). Where, however, there is doubt as to whether the evidence is properly case-in-chief or rebuttal evidence, the court should resolve the doubt in favor of reception in rebuttal if:

> (1) its reception will not consume so much additional time as to give an undue weight in practical probative force to the evidence so received in rebuttal, and (2) the opposite party would be substantially as well prepared to meet it by surrebuttal as if the testimony had been offered in chief, and (3) the opposite party upon request therefor is given the opportunity to reply by surrebuttal.

*Smith v. State*, 646 So.2d 538, 543-44 (Miss.1994)*(quoting Riley v. State*, 248 Miss. 177, 186, 157 So.2d 381, 385 (1963)).

¶13. However, in cases where there is no doubt that the testimony should have been offered in the case-in-chief, allowing the testimony into evidence in rebuttal is reversible error. *Hosford v. State*, 525 So.2d at 791-92. *Hosford* involved a prosecution for the crime of sexual battery by felonious sexual penetration of a child under twelve years of age. The State in *Hosford* made no effort during the presentation of its case-in-chief to present evidence of the defendant's alleged sexual acts with his stepchildren, which was subsequently brought up in rebuttal. In McGaughy's case, the State, through virtually every witness, attempted to show that most the bruises had been inflicted in the hours prior to death.

¶14. Whether the testimony evidence is properly offered during the case-in-chief or as rebuttal evidence is not always clear. In gray areas, the trial judge must be given due discretion, especially when the defendant is permitted surrebuttal. *Parker*, 691 So.2d at 413. The case *sub judice* falls into this gray area.

¶15. Had McGaughy been afforded the opportunity for surrebuttal, the ruling of the trial judge would have fallen neatly into the test mostly recently outlined in *Smith*, 646 So.2d at 543. However, the trial court denied McGaughy's request for surrebuttal, noting that Dr. McLees had already testified that most of the bruises were old and could add nothing new to the evidence. McGaughy contends that the testimony of Dr. Ring rebutted nothing, as some of it corroborated the prosecution's theory and part corroborated the defense's theory.

¶16. In reviewing the first prong of the *Smith* test for undue weight in practical probative force of the evidence, we note that Dr. Ring's rebuttal testimony consumed 14 pages of a record which consists of over 600 pages. Furthermore, he testified that some of the bruises were old and some were new. This testimony neither consumed an inordinate amount of the court's time nor did it give undue weight in practical probative force to the rebuttal evidence. *See Smith*, 646 So.2d at 543.

¶17. McGaughy concedes that the second prong of the test has been met. Dr. McLees was in the courtroom and available to testify in surrebuttal, and thus McGaughy was prepared to meet the testimony of Dr. Ring as if offered in chief.

¶18. McGaughy contends that the third prong cannot be met. His view is that the trial court **must** afford the defendant an opportunity for surrebuttal if he so desires. This assertion does not take into consideration the deference generally afforded trial courts in the evidentiary area.

¶19. This Court has advocated a liberal application of the rebuttal evidence rule. *See Powell v. State*, 662 So.2d 1095, 1099 (Miss. 1995) (*citing Meeks v. State*, 604 So.2d 748, 755 (Miss.1992)). The time and manner of introducing evidence is committed to the sound discretion of the trial judge. *Deas v. Andrews*, 411 So.2d 1286, 1291 (Miss. 1982) (*citing Winterton v. Illinois Cent. R.R.*, 73 Miss. 831, 836, 20 So. 157, 158 (1896)). This Court will not reverse unless the exercise of discretion appears arbitrary, capricious or unjust. *Id*. We find nothing in the record to indicate that the trial judge's decision not to allow McGaughy surrebuttal of Dr. Ring was arbitrary, capricious, or unjust. McGaughy was afforded the opportunity to fully present the opinions of Dr. McLees during his case-in-chief. McGaughy's proffer contained no meritorious justification for placing Dr. McLees back on the stand in surrebuttal. The following discussion on McGaughy's motion for surrebuttal took place:

> MR. ELLIS: We would ask that Dr. McLees be allowed to be recalled to the stand. Even though there was a - my motion - my objection was sustained, the doctor who just testified [Dr. Ring] slipped in the word child abuse, which goes beyond rebuttal testimony, Your Honor. Because of that, the State has opened up a new area, which I think I should be allowed to address with Dr. McLees.

> THE COURT: The motion to allow Dr. McLees to come back to the stand in surrebuttal will be overruled. You made objection to the child abuse. The Court sustained the objection. There has been no new areas opened up, and Dr. McLees will not be allowed to come back to the stand in surrebuttal. . .

Thus, the only reason offered to the trial court by McGaughy to warrant surrebuttal, Dr. Ring's reference to child abuse, was without merit because the trial court sustained McGaughy's objection. There was nothing to be gained by permitting Dr. McLees to be brought back. McGaughy was not unfairly prejudiced by the rebuttal testimony of Dr. Ring. McGaughy's assignment of error is without merit.

## CONCLUSION

¶20. Dr. Ring's testimony was offered as rebuttal evidence. While we do not condone intentionally withholding a witness during a party's case-in-chief in anticipation of having the "final word" in rebuttal, we hold that the trial judge did not abuse his discretion in this instance because McGaughy was permitted to present his entire defense, including his medical expert's testimony, and offered nothing new that could be presented during surrebuttal. The judgment of the lower court is affirmed.

¶21. **CONVICTION OF CAPITAL MURDER AND SENTENCE OF LIFE IMPRISONMENT WITHOUT POSSIBILITY OF PAROLE AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, MILLS AND COBB, JJ., CONCUR**.