THOMAS, J.,
for the Court:
¶ 1. On March 17, 2000, Wilbur Anderson was convicted of sale of cocaine and sentenced as an habitual offender to thirty years in Mississippi Department of Corrections without the possibility of parole. On appeal, Anderson asserts the following issue:
I. WHETHER THE TRIAL COURT ERRED IN ADMITTING TESTIMONY BY AGENT JOBE?
FACTS
¶ 2. On December 22, 1997, A1 Jobe, an officer of the North Central Narcotics Task Force, and Ross Kyzer, an undercover agent, were approached by Wilbur Anderson in Belzoni, Holmes County, Mississippi. Jobe and Kyzer were driving a pickup truck equipped with a concealed video and audio recording device. Anderson was riding a bicycle. Kyzer asked Anderson for “a twenty” rock of crack cocaine. Anderson asked them if they were the police, and the two answered in the negative. Anderson invited Jobe and Kyzer to follow him to Ladybird Lane. At that point Anderson had Jobe follow him behind a house. There was no one else present behind the house.
¶ 3. Jobe testified that while behind the house, Anderson took some crack cocaine out of a “crazy glue container” and exchanged the cocaine for Jobe’s twenty dollars. Jobe positively identified Anderson as the person who approached them while on bicycle and soon after sold him the crack cocaine behind the house on Ladybird Lane. Kyzer testified that Jobe went behind a building with Anderson and returned with what appeared to be crack cocaine.
¶ 4. While the initial meeting between Jobe, Kyzer and Anderson was recorded by the video and audio recording device, the period of exchange which took place behind the house was not within the range of the recording device. However, the video showed Jobe leave the truck with cash and return with what appeared to be crack cocaine. The State submitted the item that Jobe testified he had purchased from Anderson during this encounter which was positively identified as crack cocaine.
¶ 5. Anderson testified that while he was the person on the video shown speaking with Jobe and Kyzer, telling them that he would sell them something and having them follow him to Ladybird Lane, he did not have any cocaine. He explained that he took them to Ladybird Lane to find someone who did have cocaine for sale. He denied having sold any drugs to Jobe. He denied having a crazy glue container. He denied having accepted any money from Jobe in exchange for cocaine. Rath *412 er, Anderson claimed that while behind the house he discovered that Jobe was an undercover police agent. After finding this out, Anderson claimed to have hit and/or swung at Jobe in anger.
¶ 6. On cross-examination, Anderson stated that he could not remember if he had additional contacts with Jobe. He later stated that “he was not sure” if he had any additional conversations with Jobe. Anderson had no explanation for how the video showed Jobe leaving the truck with money and returning with an object that appeared to be cocaine.
¶ 7. At this point in the trial, the State requested permission to call Jobe on rebuttal in order to impeach Anderson. Anderson objected to Jobe testifying at this point on the grounds that the impeachment testimony would be more prejudicial than probative, citing M.R.E. 403. The State explained that it intended to show that Jobe met with and conversed with Anderson several times after the alleged drug sale. The State further intended to show the jury that in none of these additional conversations that Jobe had with Anderson did Anderson ever tell Jobe that he knew that he was a police officer or attempt to assault him. The trial court overruled the objection, stating:
The Court finds that the information or the questions the State wants to ask has probative value in that the defendant has denied, has stated, based on the defendant’s testimony, that once he learned that the person was a narcotic agent, he did swing at him and he left. And the Court will limit the testimony of the State for the rebuttal witness to the three questions that the State, the fact that he had conversation with him, he saw him after the date of this incident, and the defendant never indicated to him that he was a narcotics agent. And it will be strictly limited to those three questions and the Court will direct the State to make sure that he does not get into any other areas other than those three questions.
The record reflects that the State did not stray from the subject matter of which it intended. Anderson made no 404(b) objection to Jobe’s testimony.
¶ 8. Anderson was found guilty and sentenced as an habitual offender to thirty years in the custody of the Mississippi Department of Corrections.
ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN ADMITTING TESTIMONY BY AGENT JOBE?
¶ 9. When the trial court ruled that the testimony of Jobe was more probative than prejudicial, Anderson failed to make a 404(b) objection. Anderson also failed to assert this issue in his motion for a new trial or a JNOV. In Thornhill v. State, 561 So.2d 1025, 1029 (Miss.1989), the Mississippi Supreme Court stated: “It is elementary that different grounds than the objections presented to the trial court cannot be presented for the first time on appeal.” Id.See also Russell v. State, 607 So.2d 1107, 1117 (Miss.1992). Therefore, the assertion or implication that Jobe’s testimony was in violation of M.R.E. 404(b) is void. This leaves us with the sole question of whether Jobe’s testimony had more of a prejudicial than probative value.
¶ 10. The determination of whether evidence is properly admitted as rebuttal evidence is within the trial court’s discretion. Wakefield v. Puckett, 584 So.2d 1266, 1268 (Miss.1991). See also McGaughy v. State, 742 So.2d 1091, 1093 (Miss.1999). The Mississippi Supreme Court has advocated a liberal application of the rebuttal evidence rule. McGaughy, 742 So.2d at 1094. See also Powell v. State, *413 662 So.2d 1095, 1099 (Miss.1995) (citing Meeks v. State, 604 So.2d 748, 755 (Miss.1992)). The time and manner of introducing evidence is committed to the sound discretion of the trial judge. Deas v. Andrews, 411 So.2d 1286, 1291 (Miss.1982) (citing Winterton v. Illinois Cent. R.R., 73 Miss. 831, 20 So. 157, 158 (1896)). This Court will not reverse unless the exercise of discretion appears arbitrary, capricious or unjust. Id.
¶ 11. The applicable rule of evidence reads as follows:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
M.R.E. 403. “[T]he State has a ‘legitimate interest in. telling a rational and coherent story of what happened.... ’ Where substantially necessary to present to the jury ‘the complete story of the crime’ evidence or testimony may be given even though it may reveal or suggest other crimes.” Mackbee, 575 So.2d at 28 (quoting Brown v. State, 483 So.2d 328, 330 (Miss.1986)).
¶ 12. Testimony in which the witness claims failure of memory is not uncommon. The Mississippi Supreme Court has established proper predicate in dealing with these situations.
Brown, a witness for the State, refused to cooperate after taking the stand and “could not remember” making the alleged statement to police officers. Proper predicate requires the witness be asked whether or not on a specific date, at a specific place, and in the presence of specific persons, the witness made a particular statement.
Bush v. State, 667 So.2d 26, 28 (Miss.1996). See also Carlisle v. State, 348 So.2d 765, 766 (Miss.1977). After this process takes place, the State is able to impeach the witness by offering the testimony of another witness, whose testimony contradicts that of the prior witness. United States v. Renfro, 620 F.2d 497, 502 (5th Cir.1980).
When a'witness fails in any manner to acknowledge the making of a statement, the impeacher is obligated to offer proof establishing the making of that statement, assuming, of course, that the issue is relevant. The trier of fact must have a valid means to decide whether the witness claimed lack of recollection is anything more than a “refuge.” By being apprised of this prior statement, the trier has such a means.
Harrison v. State, 534 So.2d 175, 180 (Miss.1988). See also Magness v. State, 106 Miss. 195, 63 So. 352 (1913).
¶ 13. The record reflects that the State abided by the' proper predicate in dealing with Anderson’s failed memory, and, further, offered relevant evidence in rebuttal of Anderson’s testimony in order to impeach Anderson as a witness. This evidence, Jobe’s testimony, was more probative than prejudicial. Therefore, we affirm.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HUMPHREYS COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF THIRTY YEARS AS AN HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO HUMPHREYS COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, LEE, IRVING, MYERS and CHANDLER, JJ., concur.