840 So.2d 739 (2003)
Tony Earl JACKSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01993-COA.
Court of Appeals of Mississippi.
March 18, 2003.
*740 John Keith Perry, attorney for appellant.
Office of the Attorney General, by Jeffrey A. Klingfuss, attorney for appellee.
Before KING, P.J., THOMAS and CHANDLER, JJ.
THOMAS, J., for the court.
¶ 1. Tony Earl Jackson was convicted in the Circuit Court of DeSoto County of statutory rape and sentenced to forty years in the custody of the Mississippi Department of Corrections. Aggrieved, he asserts the following issue on appeal:

I. THE TRIAL COURT ERRED IN DENYING JACKSON'S MOTION TO PREVENT THE STATE'S WITNESS FROM GIVING CUMULATIVE TESTIMONY ON MATTERS PREVIOUSLY ADDRESSED BY THE SAME WITNESS.
Finding no error, we affirm.

FACTS
¶ 2. On May 24, 2001, the Hernando Police Department received a call from the grandmother of the victim. Officer Lee Hodge interviewed the grandmother and found that Tony Jackson had been hanging around their home and that she was concerned that Jackson was having an inappropriate sexual relationship with the victim, which had begun when she was eleven years old. Officer Hodge also interviewed the victim, who confirmed that she had a sexual relationship with Jackson, who was in his twenties at the time.
¶ 3. Based on his investigation, Officer Hodge determined that several of the sexual incidents happened in Memphis and one happened in DeSoto County. Hodge then contacted DeSoto County Sheriff's Department Officer Josh Anderson to investigate the allegations since the incident occurred in the county rather than the city. Officer Hodge interviewed Jackson about the incident. The testimony at trial over what was said during this conversation is in dispute. Officer Hodge testified that Jackson freely gave information and voluntarily confessed to his sexual relationship with the victim. Jackson, however, testified that Hodge came to talk to him and told him certain facts about the alleged relationship and that he reiterated them to the officer because he was scared and wanted to get back to work and on with his life. Officer Anderson also talked with Jackson and got a full confession, including a statement that he had consensual sex with the victim four or five times and that it happened several years back.

ANALYSIS

I. DID THE TRIAL COURT ERR IN DENYING JACKSON'S MOTION TO PREVENT THE STATE'S WITNESS FROM GIVING CUMULATIVE TESTIMONY ON MATTERS PREVIOUSLY ADDRESSED BY THE SAME WITNESS?
¶ 4. Jackson asserts that the trial court erred in denying his motion to prevent the *741 State's witness from giving cumulative testimony in rebuttal on matters previously addressed by the same witness. During the State's case in chief, the State used testimony by Officers Hodge and Anderson to show that the defendant had engaged in sexual intercourse with the victim when she was only eleven years old. This included testimony by the law enforcement officers that Jackson had admitted to having sex with the victim but that it was consensual. When Jackson took the stand in his defense, he implied that the officers simply made him repeat the facts they presented to him and he denied having sex with the victim.
¶ 5. In rebuttal, the State countered this assertion by recalling Officer Hodge and precisely asking if he gave Jackson the facts or if Jackson volunteered them on his own. Hodge stated clearly on rebuttal that he did not provide details to Jackson but that Jackson provided them on his own. Also, the State played a tape of the interview on rebuttal where Jackson makes no denial of having sexual intercourse with the victim but instead admits repeatedly to having had sex with her.
¶ 6. The determination of whether evidence is properly admitted as rebuttal evidence is within the trial court's discretion. Ruffin v. State, 736 So.2d 407, 409(¶ 10) (Miss.Ct.App.1999) (citing Powell v. State, 662 So.2d 1095, 1098-99 (Miss. 1995)). Therefore, on appeal, we review such a ruling only for an abuse of discretion. McGaughy v. State, 742 So.2d 1091, 1093(¶ 6) (Miss.1999).
Generally, the party bearing the burden of proof must offer all substantive evidence in its case-in-chief. Hosford v. State, 525 So.2d 789, 791 (Miss.1988); Roney v. State, 167 Miss. 827, 830, 150 So. 774, 775 (1933). Where, however, there is doubt as to whether the evidence is properly case-in-chief or rebuttal evidence, the court should resolve the doubt in favor of reception in rebuttal if: (1) its reception will not consume so much additional time as to give an undue weight in practical probative force to the evidence so received in rebuttal, and (2) the opposite party would be substantially as well prepared to meet it by surrebuttal as if the testimony had been offered in chief, and (3) the opposite party upon request therefor is given the opportunity to reply by surrebuttal. Smith v. State, 646 So.2d 538, 543-44 (Miss.1994) (quoting Riley v. State, 248 Miss. 177, 186, 157 So.2d 381, 385 (1963)).
McGaughy, 742 So.2d at 1094(¶ 12).
¶ 7. The trial court was presented with the issue at trial and ruled all the evidence would be proper rebuttal. Rebuttal was precise and did not bring undo attention to the facts or to repeating the State's case in chief. The trial court did not abuse its discretion in denying Jackson's motion to prevent the State from offering its rebuttal evidence. This issue is without merit.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF STATUTORY RAPE AND SENTENCE OF FORTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.