880 So.2d 1054 (2004)
Joseph Dewayne WASH, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-00545-COA.
Court of Appeals of Mississippi.
March 23, 2004.
Rehearing Denied June 15, 2004.
Certiorari Denied August 26, 2004.
*1055 George S. Shaddock, Pascagoula, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before McMILLIN, C.J., BRIDGES and GRIFFIS, JJ.
BRIDGES, J., for the Court.
¶ 1. In March 2002, Joseph Dewayne Wash was indicted for manslaughter by the Jackson County Grand Jury for the death of Kavie Simmons of Moss Point. In February 2003, a jury found Wash guilty of manslaughter and Circuit Judge Robert P. Krebs sentenced Wash to a term of eighteen years. Wash's motion for a new trial or, in the alternative, judgement notwithstanding the verdict was denied. Wash now appeals in forma pauperis on these issues:

STATEMENT OF THE ISSUES
I. DID THE TRIAL COURT ERR IN ALLOWING THE REBUTTAL TESTIMONY OF CHARLES WEATHERSPOON AFTER THE STATE COMPLETED ITS CASE IN CHIEF?
II. IS THE JURY VERDICT AGAINST THE OVERWHELMING WEIGHT OF CREDIBLE EVIDENCE ADDUCED AT TRIAL AND CONTRARY TO THE LAW OF THIS STATE?
III. IS THE SENTENCE RENDERED IN THIS CASE EXCESSIVE UNDER THE FACTS AND EVIDENCE PRESENTED AT TRIAL AND CONSIDERING THE HISTORY OF THIS DEFENDANT?

FACTS
¶ 2. On the night of September 29, 2001, Wash was involved in an altercation at the 504 Club in Moss Point, Mississippi. The initial scuffle was broken up by Simmons; however, Wash returned to the club later that evening and at approximately 4:00 a.m. Simmons was shot twice from behind. Wash testified that he was at home where he resides with his mother the entire evening but several witnesses identified Wash as the shooter. Five witnesses testified at trial that they were ear and eye witnesses, three of those made photographic and in-court *1056 identifications of Wash, testifying that they saw him shoot Simmons.
¶ 3. Charles Weatherspoon was also charged with the shooting of Simmons but the State did not offer his testimony during its case-in-chief against Wash. The State did call Weatherspoon as a rebuttal witness to rebut the testimony offered by Wash. Weatherspoon testified that Wash was indeed at the club that night and not at his mother's house the entire night.

ANALYSIS

I. DID THE TRIAL COURT ERR IN ALLOWING THE REBUTTAL TESTIMONY OF CHARLES WEATHERSPOON AFTER THE STATE COMPLETED ITS CASE IN CHIEF?
¶ 4. We consider whether the trial judge abused his discretion in allowing rebuttal testimony. The decision to allow rebuttal evidence or testimony is at the sole discretion of the trial judge. McGaughy v. State, 742 So.2d 1091, 1093(¶ 6) (Miss.1999). In the present case Weatherspoon was indicted for accessory after the fact for the same crime with which Wash was charged. Weatherspoon was listed as a possible witness at trial during discovery but was not called during the prosecution's case in chief. Weatherspoon was called to rebut the alibi testimony given by Wash.
¶ 5. Wash's testimony that he was alone and at his mother's house at the time of the shooting was an alibi that was inconsistent with the notice of alibi witness filed with the State. The State claimed to be prejudiced by this change in alibi theories by the defense and wanted to call Weatherspoon in rebuttal. The trial judge ruled that Weatherspoon could be called as a rebuttal witness but limited the scope of the rebuttal testimony to whether or not Wash was at the club that night and whether Wash shot Simmons.
¶ 6. Wash argues the State was required to present all relevant evidence as to the defendant's guilt in its case in chief. Hosford v. State, 525 So.2d 789, 791 (Miss.1988). Wash believes the limiting instructions given regarding Weatherspoon's testimony were insufficient to correct the error of his testifying. The State, however, argues that the granting of rebuttal testimony is not reversible error unless the defendant is not allowed surrebuttal testimony which was not requested in the case at hand. Myers v. State, 353 So.2d 1364, 1369 (Miss.1978) (citing Gant v. State, 219 Miss. 800, 803, 70 So.2d 28 (1954)).
¶ 7. The testimony of Weatherspoon could arguably be part of the prosecution's case in chief and part of its rebuttal. In Barnes v. State, 532 So.2d 1231, 1234 (Miss.1988), the court held that "in gray areas, some discretion must be afforded the circuit judge, especially when the defendant is offered and opportunity for surrebuttal." The circuit judge in Wash's case recognized that this testimony was in a gray area and put limitations on the prosecution so that its examination would not stray into areas that should have been covered in the case in chief.
¶ 8. This Court in Jackson v. State, 840 So.2d 739, 741(¶ 6) (Miss.Ct.App.2003), recently defined the parameters of rebuttal testimony as having three requirements:
1. The testimony and its reception will not consume so much additional time as to give undue weight in practical probative force to the evidence so received;
2. The opposite party would be substantially able to meet the evidence by surrebuttal as if the testimony was offered in chief;
3. The opposite party upon request therefore is given the opportunity to reply by surrebuttal.
*1057 The third requirement was not requested and is not at issue in this case. The first requirement was properly met since the testimony of Weatherspoon only took two pages in the transcript of the trial. The second requirement was also properly met when Wash had an opportunity to cross examine Weatherspoon and was given proper notification of his possible testimony during discovery before trial. For these reasons, we determine that the trial judge did not abuse his discretion in allowing Weatherspoon's rebuttal testimony.

II. IS THE JURY VERDICT AGAINST THE OVERWHELMING WEIGHT OF CREDIBLE EVIDENCE ADDUCED AT TRIAL AND CONTRARY TO THE LAW OF THIS STATE?
¶ 9. In considering whether a verdict is contrary to the overwhelming weight of evidence, this Court must consider whether or not allowing it to stand would sanction an "unconscionable injustice." Gossett v. State, 660 So.2d 1285, 1294 (Miss.1995). In reviewing evidence to determine whether it is sufficient to support its verdict this Court will review all evidence to support the verdict with all inferences drawn there from and consider them to be true. Aldridge v. State, 398 So.2d 1308, 1309 (Miss.1981).
¶ 10. The State offered three ear and eye witnesses to the shooting plus the rebuttal testimony of Weatherspoon. The testimony of these four witnesses was only opposed by the testimony of Wash himself the defense's only witness. There were no specific inconsistencies in the testimony of the State's witnesses but if there were it is the responsibility of the jury to weigh the credibility and determine the impeachment value of all the testimony given. Jones v. State, 381 So.2d 983, 989 (Miss.1980) (see also Blocker v. State, 809 So.2d 640, 645(¶ 18) (Miss.2002); Collier v. State, 711 So.2d 458, 462-63 (Miss.1998)).
¶ 11. Reviewing the evidence construed in the light most favorable to the verdict and giving consideration for the role of the jury in determining questions of fact and credibility we find that Wash points to nothing that would prove an unconscionable injustice would occur if this verdict were allowed to stand. Therefore, we cannot reverse on this issue.

III. IS THE SENTENCE RENDERED IN THIS CASE EXCESSIVE UNDER THE FACTS AND EVIDENCE PRESENTED AT TRIAL AND CONSIDERING THE HISTORY OF THIS DEFENDANT?
¶ 12. Whether or not the sentence of Wash was appropriate involves the consideration of whether the trial judge abused his discretion when sentencing. "A trial court will not be held in error or held to have abused [its judicial] discretion if the sentence imposed is within the limits fixed by statute." Johnson v. State, 461 So.2d 1288, 1292 (Miss.1984).
¶ 13. The maximum sentence for manslaughter under Mississippi Code Annotated Sections 97-3-25 and 97-3-35 is twenty years. Wash's sentence was for eighteen years. Wash claims that the sentence is unduly harsh considering this is his first felony conviction and that he was in a drunken state at the time the crime was committed. He cites Towner v. State, 837 So.2d 221, 227(¶ 21) (Miss.Ct.App.2003), which held that when a first offender defendant is sentenced within the upper levels of authority justification is required or else the sentence should be remanded for reconsideration.
¶ 14. In Wade v. State, 802 So.2d 1023, 1030(¶ 35) (Miss.2001), the supreme court held that "sentencing is within the discretion of the trial court and is not subject to appellate review if it is within the limits prescribed by statute." Since the sentence *1058 given was within the statutory limits we find no abuse of discretion in the sentence given.
¶ 15. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF EIGHTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.