LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. On December 27, 2005, Kendrix Johnson was incarcerated in the Lincoln County jail. Ted Goleman, a retired law enforcement officer employed as the day shift jail supervisor, was informed that Johnson was kicking his cell door and yelling that he needed to speak with Goleman. As Goleman opened the cell door, Johnson charged Goleman and knocked him into the wall. Goleman attempted to spray Johnson with pepper spray but was unable to and dropped the canister. Johnson was able to grab the pepper spray and proceeded to spray Goleman and Anthony Newsome, an inmate trusty, in the face. Goleman also saw Johnson strike New-some on the head with the canister of *1209 pepper spray. Goleman and Newsome were able to extricate themselves from the cell. Goleman suffered a laceration on his forehead, numerous abrasions on his shoulder and back, and a sprained thumb.
¶ 2. On August 23, 2006, a jury in the Lincoln County Circuit Court found Johnson guilty of simple assault on a law enforcement officer. Johnson was sentenced to five years, with four years to serve in the custody of the Mississippi Department of Corrections and one year on post-release supervision. Johnson was also ordered to pay a $1,000 fine along with court costs and attorney’s fees.
¶ 3. Johnson filed a motion for a judgment notwithstanding the verdict or, in the alternative, a motion for a new trial. This motion was denied and Johnson filed his appeal asserting three issues: (1) the trial court erred in failing to grant a continuance; (2) a rebuttal witness should not have been allowed to testify; and (3) the evidence was insufficient to support the guilty verdict.
DISCUSSION
I. DID THE TRIAL COURT ERR IN FAILING TO GRANT A CONTINUANCE?
¶ 4. In his first issue on appeal, Johnson argues that the trial court should have granted him a continuance. On the morning of trial, Johnson asked the trial court to allow him to obtain alternate trial counsel and to subpoena more witnesses, more specifically his entire cell block. Although Johnson did not specifically request a continuance, the trial court decided to treat his request as such and denied this request.
¶ 5. To preserve this issue for appeal, Johnson was required to include the denial of the continuance in his motion for new trial. Pool v. State, 483 So.2d 331, 336 (Miss.1986). Johnson’s posttrial motion did not mention this denial. Because the issue was not properly preserved, and because the trial court did not have the opportunity to rule on this claimed error, this issue is not properly before this Court and is procedurally barred.
¶6. Notwithstanding the procedural prohibition, this claim fails on the merits. Trial judges have wide latitude in deciding whether to grant continuances and that decision is left to the sound discretion of the trial judge. McFadden v. State, 929 So.2d 365, 369(¶ 16) (Miss.Ct.App.2006). Denial of a continuance is not reversible unless manifest injustice appears to have resulted from the denial. Atterberry v. State, 667 So.2d 622, 631 (Miss.1995). Merely claiming that there might be other witnesses to support Johnson’s theory of the case is insufficient to amount to a manifest injustice. The trial judge’s refusal to grant a continuance here was not an abuse of discretion, nor is there any indication of manifest injustice resulting from the denial of a continuance. This issue is without merit.
II. DID THE TRIAL COURT ERR IN ALLOWING A REBUTTAL WITNESS TO TESTIFY?
¶ 7. In his second issue on appeal, Johnson argues that the trial court erred in allowing a rebuttal witness, Deputy Marshall London, to testify. Deputy London, who testified during the State’s casein-chief, was called back to the stand to state that prior to the altercation Johnson had not asked for medical treatment. Part of Johnson’s testimony was that earlier that day he had asked Deputy London for medical treatment in relation to a boil on his chest. The admission of rebuttal testimony rests within the discretion of the trial court. Wash v. State, 880 So.2d 1054, 1056(¶ 4) (Miss.Ct.App.2004). In Jackson *1210 v. State, 840 So.2d 739, 741(¶ 6) (Miss.Ct.App.2003), this Court reiterated the requirements of rebuttal testimony: (1) the testimony and its reception will not consume so much additional time as to give undue weight in practical probative force to the evidence so received; (2) the opposite party would be substantially able to meet the evidence by surrebuttal as if the testimony were offered in chief; and (3) the opposite party upon request is given the opportunity to reply by surrebuttal.
¶ 8. The third requirement was not requested and is not at issue in this case. The first requirement was properly met since the testimony of Deputy London consisted of less than half a page in the transcript of the trial. The second requirement was also properly met when Johnson had an opportunity to cross-examine Deputy London, but did not, and was given proper notification of his testimony prior to trial. For these reasons, we determine that the trial judge did not abuse his discretion in allowing Deputy London’s rebuttal testimony. This issue is without merit.
III. WAS THE EVIDENCE SUFFICIENT TO SUPPORT A GUILTY VERDICT?
¶ 9. In his final issue on appeal, Johnson argues that the evidence was insufficient to support the guilty verdict. Johnson claims that the State’s witnesses offered inconsistent and conflicting testimony, thus his motion for a directed verdict should have been granted. Motions for directed verdict challenge the legal sufficiency of the evidence presented at trial. Jefferson v. State, 818 So.2d 1099, 1111(¶ 30) (Miss.2002). In reviewing the sufficiency of the evidence, all evidence supporting the guilty verdict is accepted as true, and the State must be given the benefit of all reasonable inferences that could be reasonably drawn from the evidence. Bell v. State, 910 So.2d 640, 646(¶ 16) (Miss.Ct.App.2005). Furthermore, it is well-settled law that the jury determines the credibility of witnesses and resolves conflicts in the evidence. Evans v. State, 725 So.2d 613, 680-81 (¶ 293) (Miss.1997).
¶ 10. Goleman and Newsome both testified as to what transpired in Johnson’s cell. Both men stated that Johnson attacked them when Goleman tried to enter his cell. Their versions were consistent and any inconsistencies were trivial enough for the jury to resolve them in favor of the State. We find that there was sufficient evidence for the jury to find Johnson guilty of simple assault on a law enforcement officer. This issue is without merit.
¶11. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT OF CONVICTION OF SIMPLE ASSAULT ON A LAW ENFORCEMENT OFFICER AND SENTENCE OF FIVE YEARS, WITH FOUR YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND ONE YEAR OF POST-RELEASE SUPERVISION AND TO PAY A $1,000 FINE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.