837 So.2d 221 (2003)
Willie Charles TOWNER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01164-COA.
Court of Appeals of Mississippi.
February 4, 2003.
*223 Laurel G. Weir, Philadelphia, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before SOUTHWICK, P.J., THOMAS and CHANDLER, JJ.
THOMAS, J., for the court.
¶ 1. Willie Towner was found guilty of the sale of cocaine and sentenced to thirty years in the custody of the MDOC. Aggrieved he asserts the following on appeal:

I. THE TRIAL COURT FAILED TO SECURE A FAIR AND IMPARTIAL JURY WHICH CAUSED A WRONGFUL CONVICTION.

II. THE COURT ERRED IN ALLOWING IMPERMISSIBLE HEARSAY TESTIMONY OVER OBJECTIONS.

III. THE COURT ERRED IN NOT PERMITTING FULL CROSS EXAMINATION OF WITNESSES AND IMPROPER REDIRECT QUESTIONS WERE PERMITTED BY THE STATE.

IV. THE COURT ERRED IN GRANTING STATE'S REBUTTAL TESTIMONY.

V. THE CASE MUST BE REVERSED BECAUSE OF ERROR REGARDING THE PROPORTIONALITY RULE.

VI. THE VERDICT OF THE JURY IS AGAINST THE OVERWHELMING WEIGHT AND *224 SUFFICIENCY OF THE EVIDENCE.
We affirm in part, and reverse and remand in part.

FACTS
¶ 2. Willie Towner and Alfred Wilson were arrested for sale and possession of cocaine, a Schedule II controlled substance. The buy was conducted by Agent James Ragan, Jr. of the Mississippi Bureau of Narcotics in Scott County. A pre-buy meeting was held and Ragan was provided state funds with which to purchase the narcotics, he was searched to be sure that no impropriety existed, and an audio wire transmitter was then placed on his body so that the other agents close by could hear the activities taking place. Ragan was followed to Towner Road by the agents where he approached Towner and Wilson. Ragan provided Wilson with five hundred twenty-five dollars and Towner supplied the cocaine. Upon receiving the money, Towner told Ragan that he still owed him twenty-five dollars for the drugs. Ragan paid the money and left.
¶ 3. Ragan met with the other agents at a post buy meeting where the drugs were turned over and later tested at the crime lab by Brandi Goodman. The evidence tested was 9.43 grams of cocaine. The audio transmission of the sale was not admitted into evidence but only listened to by the other agents working the case.
¶ 4. At trial, Towner testified that he had no conversation at all with Agent Ragan and furthermore knew nothing of the transaction or facts leading up to such. Wilson testified that Towner was not involved and that it was only himself who was guilty of the sale of cocaine.

I. DID THE TRIAL COURT FAIL TO SECURE A FAIR AND IMPARTIAL JURY CAUSING A WRONGFUL CONVICTION?
¶ 5. Towner asserts that the trial court made erroneous determinations that the State's challenges were race-neutral and further states that the State should not be permitted to assert a Batson claim as it is reserved for non-State use. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
¶ 6. A defendant asserting a Batson challenge must show that (1) he is a member of a cognizable racial group; (2) that the prosecutor exercised peremptory challenges to excuse a venire person of the defendant's race; and (3) that there is an inference that the venire persons were excluded on account of their race. Collins v. State, 691 So.2d 918, 926 (Miss.1997). "In sum, these components constitute the prima facie showing of discrimination necessary to compel the State to come forward with a neutral explanation for challenging black jurors." Id. The burden then shifts to the State to come forward with a race-neutral explanation for challenging the jurors. Id. However, the State's explanation is not required to rise to the level of justification as required for a challenge for cause. Id. The pivotal question is whether the State was able to present a race-neutral explanation for each of the peremptory strikes. Determining whether a racially discriminatory motive lies under the State's articulated reasons is left to the sole discretion of the trial judge. Id. at 926. Under Mississippi law, the State's use of peremptory strikes against potential jurors who have family members who have been convicted of crimes is completely acceptable as a race-neutral reason and does not violate due process requirements. See Griffin v. State, 607 So.2d 1197, 1203 (Miss.1992); Benson v. State, 551 So.2d 188, 192 (Miss.1989). The trial court did not abuse its discretion in accepting the explanations tendered by the State. A trial court's factual findings relative to a *225 prosecutor's use of peremptory challenges on minority persons are to be accorded great deference and such findings will not be reversed unless they appear clearly erroneous or against the overwhelming weight of the evidence. Benson, 551 So.2d at 188. Once either party has established a prima facie case of discrimination by the use of the challenges, the other party must supply reasons that are racially neutral. Lard v. State, 749 So.2d 276, 278(¶ 7) (Miss.Ct.App.1999).
¶ 7. The trial court conducted a very lengthy voir dire examination which made up ninety pages of the record. The trial court allowed, ad nauseam, review of the venire by both counsels and the determinations of the trial court are adjudged to lack any sign of error. This issue is without merit.

II. DID THE COURT ERR IN ALLOWING IMPERMISSIBLE HEARSAY TESTIMONY OVER OBJECTIONS?
¶ 8. Agent James Ragan and Agent Claire Gremillion both testified as to what they heard Wilson and Towner say during the drug transaction. Counsel for Towner objected numerous times citing the testimony as hearsay not under any exception under Mississippi Rule of Evidence 803. The trial judge determined that the testimony was not being offered to prove the truth of the matter asserted and therefore was not hearsay.
¶ 9. It is the customary practice, in the name of judicial economy, for an appellate court to affirm the trial court if the right result is reached even though for the wrong reason. Puckett v. Stuckey, 633 So.2d 978, 980 (Miss.1993). We do not reverse where the trial court reaches the right result even when we conclude that this result was reached for the wrong reason. Booker v. State, 745 So.2d 850, 856(¶ 18)(Miss.Ct.App.1998), citing Carter v. State, 167 Miss. 331, 342, 145 So. 739, 741 (1933).
¶ 10. Agent Ragan and Gremillion both testified to what they heard Towner say during the drug transaction. This testimony is not considered hearsay but rather it is an admission by a party-opponent under M.R.E. 801(d)(2)(A). This rule classifies admissions as non-hearsay rather than an exception to the hearsay rule. The testimony regarding Wilson and what he said to Agent Ragan would be allowed as non-hearsay under M.R.E. 801(d)(2)(A), a statement by a co-conspirator of a party during the course of and in furtherance of the conspiracy.
¶ 11. The testimony is admissible at trial. This issue is without merit.

III. DID THE COURT ERR IN NOT PERMITTING FULL CROSS EXAMINATION OF WITNESSES AND WERE IMPROPER REDIRECT QUESTIONS PERMITTED BY THE STATE?
¶ 12. Towner asserts that the trial court erred in limiting his cross-examination of Agent Ragan and his re-direct of Wilson. The question elicited from Ragan on cross-examination, which was objected to and sustained, regarded what explanation could be given concerning why someone would not have been able to hear Towner's voice through the transmission of the body wire. Ragan was not offered as an acoustics expert and can only testify to personal perceptions. Towner also asserts error in the trial court's ruling allowing Ragan to testify that he saw Towner hand Wilson the drugs.
¶ 13. The admissibility and relevancy of evidence is within the discretion of the trial court and, absent an abuse of that discretion, the trial court's decision will not be disturbed on appeal. Reynolds *226 v. State, 784 So.2d 929, 932(¶ 7) (Miss. 2001). "As long as the trial court remains within the confines of the Mississippi Rules of Evidence, its decision to admit or exclude evidence will be accorded a high degree of deference." Johnston v. State, 567 So.2d 237, 238 (Miss.1990). Additionally, "the admission or exclusion of evidence must result in prejudice or harm, if a cause is to be reversed on that account." Jackson v. State, 594 So.2d 20, 25 (Miss. 1992).
¶ 14. It is a well-established rule that re-direct examination of a witness is generally limited to matters which were brought out on cross-examination of that witness. West v. State, 463 So.2d 1048, 1055 (Miss.1985). The trial court has broad discretion when ruling on matters brought forth on re-direct. Id. This Court may not disturb the lower court's rulings regarding matters concerning redirect examination unless there was a "clear abuse of discretion." Lloyd v. State, 755 So.2d 12,15 (¶ 9) (Miss.Ct.App.1999).
¶ 15. The trial court ruled on these matters and we agree with those determinations. This issue is without merit.

IV. DID THE COURT ERR IN GRANTING STATE'S REBUTTAL TESTIMONY?
¶ 16. Towner asserts that the trial court erred in allowing Agent Ragan to testify once the State had rested its case-in-chief. Towner took the stand and testified that he did not sell anything to the agent and furthermore, that he had not even been present at the time or location the drugs were purchased. The trial judge noted the "obvious serious conflict in the testimony." Agent Ragan was called back to the stand as a State rebuttal witness. Ragan testified that Towner was present at the time of the drug purchase and that Towner handed the drugs to Wilson who sold it to Agent Ragan. Towner further claims that it was error to allow the testimony of Sheriff Richardson regarding his perception that Wilson was scared and that was the reason he did not testify. However, the trial judge sustained Towner's objection to this line of questioning and a limiting instruction was never requested.
¶ 17. The "purpose of rebuttal testimony is to explain, repel, counteract or disprove evidence by the adverse party." Williams v. State, 539 So.2d 1049, 1051 (Miss.1989). The determination of whether evidence is properly admitted as rebuttal evidence is within the trial court's discretion. Wakefield v. Puckett, 584 So.2d 1266, 1268 (Miss.1991). As such, we will not reverse the trial court's decision unless the introduction of the rebuttal evidence clearly demonstrated an abuse of discretion. McGaughy v. State, 742 So.2d 1091, 1094(¶ 6) (Miss.1999). The State correctly asserts that the rebuttal testimony regarding the drug sale was admissible and that the testimony was offered to rebut falsehoods offered by the defendant about specific instances of his conduct. The determination of whether evidence is properly admitted as rebuttal evidence is within the trial court's discretion. Wakefield v. Puckett, 584 So.2d 1266, 1268 (Miss.1991). Therefore, on appeal, we review such a ruling only for an abuse of discretion. McGaughy v. State, 742 So.2d 1091, 1093(¶ 6) (Miss.1999). Generally, the party bearing the burden of proof must offer all substantive evidence in its case-in-chief. Hosford v. State, 525 So.2d 789, 791 (Miss.1988); Roney v. State, 167 Miss. 827, 830, 150 So. 774, 775 (1933). Where, however, there is doubt as to whether the evidence is properly case-inchief or rebuttal evidence, the court should resolve the doubt in favor of reception in rebuttal if: (1) "its reception will not consume so much additional time as to give an undue weight *227 in practical probative force to the evidence so received in rebuttal, and (2) the opposite party would be substantially as well prepared to meet it by surrebuttal" as if the testimony had been offered in chief, and (3) the opposite party upon request therefor is given the opportunity to reply by surrebuttal. Smith v. State, 646 So.2d 538, 543-44 (Miss.1994)(quoting Riley v. State, 248 Miss. 177, 186, 157 So.2d 381, 385 (1963)).
¶ 18. Towner contends that this was a situation in which there was no doubt that the testimony should have been offered in the State's case in-chief and that allowing it to be admitted in rebuttal constituted reversible error. However, after having said so, he makes no argument and offers no proof of the assertion. The trial court, on the other hand, was clear in its reasoning for finding that the testimony was proper rebuttal, and we can find no fault with that decision or any abuse of discretion.

V. WHETHER THIS CASE MUST BE REVERSED BECAUSE OF ERROR REGARDING THE PROPORTIONALITY RULE?
¶ 19. Towner contends that his sentence is disproportionate to the crime and is in violation of the Eighth Amendment of the United States Constitution. Towner also asserts, and it is true, that the trial judge made a motion asking for authority to review the sentence as he may have been too harsh.
¶ 20. As a general rule, a sentence that does not exceed the maximum period allowed by statute will not be disturbed on appeal. Wallace v. State, 607 So.2d 1184, 1188 (Miss.1992). Generally, the imposition of a sentence is within the discretion of the trial court, and appellate courts will not review the sentence, if it is within the limits prescribed by statute. Reynolds v. State, 585 So.2d 753, 756 (Miss.1991).
¶ 21. "A court's proportionality analysis [of a sentence] under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." Solem v. Helm, 463 U.S. 277, 291, 103 S.Ct. 3001, 77 L.Ed.2d 637(1983) (writ of habeas corpus). This Court looks for guidance to the cases of White v. State, 742 So.2d 1126, 1135(¶ 32) (Miss.1999), and Davis v. State, 724 So.2d 342, 346(¶ 17) (Miss.1998), both of which involved the imposition of a maximum sentence of a first offender convicted of the sale of one rock of cocaine. In each case the Mississippi Supreme Court remanded for a review of the sentence. Although the amount of contraband sold by Towner was more than the amount at issue in White or Davis, the first time offender status is the same. However, due to the uniqueness of this particular case, that is, a first time offender was sentenced to the maximum sentence allowed by law, the trial judge acknowledges he may have been too harsh, and the prosecuting district attorney states he has no objection to a re-sentencing hearing. We hold that the case should be remanded for a review of the sentence.

VI. WAS THE VERDICT OF THE JURY AGAINST THE OVERWHELMING WEIGHT AND SUFFICIENCY OF THE EVIDENCE?
¶ 22. Towner asserts that there was insufficient evidence to support a guilty verdict. Towner failed to adequately address this issue in his brief by not providing any argument or authority in support of the issue. It is the appellant's duty "to provide authority and support of *228 an assignment." Williams v. State, 708 So.2d 1358, 1361(¶ 12) (Miss.1998) (citing Hoops v. State, 681 So.2d 521, 526 (Miss. 1996); Kelly v. State, 553 So.2d 517, 521 (Miss.1989)). Failure to cite any authority is a procedural bar, and this Court is under no obligation to consider the assignment. Weaver v. State, 713 So.2d 860, 863(¶ 17) (Miss.1997) (citing McClain v. State, 625 So.2d 774, 781 (Miss.1993)).
¶ 23. While this issue remains procedurally barred, this Court will address it. The standard of review in determining whether a jury verdict is against the overwhelming weight of the evidence is well settled. "[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Dudley v. State, 719 So.2d 180, 182(¶ 8) (Miss. 1998). On review, the State is given "the benefit of all favorable inferences that may reasonably be drawn from the evidence." Griffin v. State, 607 So.2d 1197, 1201 (Miss.1992). "Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." Dudley, 719 So.2d at 182(¶ 8). "This Court does not have the task of re-weighing the facts in each case to, in effect, go behind the jury to detect whether the testimony and evidence they chose to believe was or was not the most credible." Langston v. State, 791 So.2d 273, 280(¶ 14) (Miss.Ct.App.2001). The law provides:
Jurors are permitted, indeed have the duty, to resolve the conflicts in the testimony they hear. They may believe or disbelieve, accept or reject the utterances of any witness. No formula dictates the manner in which jurors resolve conflicting testimony into finding of fact sufficient to support their verdict. That resolution results from the jurors hearing and observing the witnesses as they testify, augmented by the composite reasoning of twelve individuals sworn to return a true verdict. A reviewing court cannot and need not determine with exactitude which witness or what testimony the jury believed or disbelieved in arriving at its verdict. It is enough that the conflicting evidence presented a factual dispute for jury resolution.
Id. (citing Groseclose v. State, 440 So.2d 297, 300 (Miss.1983)). We see no basis for doubting the verdict. This issue is without merit.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.