962 So.2d 640 (2007)
Latrell Dewayne ADAMS a/k/a Scott Tremayne Black, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01761-COA.
Court of Appeals of Mississippi.
February 6, 2007.
Rehearing Denied May 22, 2007.
Latrell Dewayne Adams, appellant, pro se.
*642 Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
Before KING, C.J., IRVING and GRIFFIS, JJ.
IRVING, J., for the Court.
¶ 1. This appeal arises out of the Lauderdale County Circuit Court's denial of Latrell Dewayne Adams' motion for post-conviction relief. Aggrieved, Adams appeals and claims that the court improperly construed his notice of post-conviction relief as a motion for post-conviction relief, that the court erred in not returning his motion after finding that it failed to state a ground upon which relief could be granted, that the court erred in ordering that sixty days of Adams' earned time be forfeited, and that the judge erred in not recusing himself from hearing Adams' motion for post-conviction relief.[1]
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. Adams was indicted twice as a habitual offender for two separate burglary charges. The second indictment included not only a count for burglary, but also a count for attempted burglary. On January 25, 2005, Adams was convicted of the first burglary charge, number 507-04, by a jury and was sentenced by the court to seven years in the custody of the Mississippi Department of Corrections as a habitual offender. On May 31, 2005, the same day that he was set to go to trial on the second indictment, Adams entered a guilty plea to the second burglary charge, number 580-04. As part of his plea, Adams agreed to withdraw his appeal in cause number 507-04. In return, the State recommended that he be given a sentence of seven years, which would run concurrently with his seven-year sentence in number 507-04. The State also agreed to pass an attempted burglary charge to the files. The court adopted the State's recommendation.
¶ 4. The court conducted an extensive guilty plea hearing, wherein it went over the rights that Adams was waiving by pleading guilty. The court also questioned Adams extensively regarding whether his guilty plea was truly voluntary. After being satisfied that Adams wanted to plead guilty and that he understood all the ramifications of his plea, the court accepted Adams' plea and sentenced him in accordance with the State's recommendation. Shortly thereafter, on July 15, 2005, Adams filed a pro se "Notice of Post-Conviction Collateral Relief," along with a designation of record and a request to proceed in forma pauperis. Upon receipt of Adams' filings, the court entered a judgment denying post-conviction relief and ordering the forfeiture of sixty days of Adams' earned time.
¶ 5. Additional facts, as necessary, will be related during our discussion of the issues.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 6. We will not reverse a trial court's decision to deny post-conviction relief unless that decision is clearly erroneous. Kirksey v. State, 728 So.2d 565, 567(¶ 8) (Miss.1999).
1. Interpretation of Filing as Motion
¶ 7. Adams contends that the court erred in interpreting his "Notice" as a motion for post-conviction relief. Adams *643 claims that he filed his "Notice" "to alert the Court that he would be filing a Motion for Post-Conviction Collateral Relief in the future. . . ."
¶ 8. Adams' claim is belied by the wording of his filings. His "Notice" states: "Comes now, the Petitioner, Latrell Adams, Pro Se and IN FORMA PAUPERIS, and files this MOTION FOR NOTICE . . . for conviction in cause [number] 507-04, To [sic] which petitioner now moves in Post-Conviction Collateral Relief, not for delay. . . ."[2] (emphasis added).
¶ 9. There is no procedure for "notice" of post-conviction relief. The court did not err in interpreting Adams' filing as a motion for post-conviction relief, as the filing clearly stated that the document was a motion, and that Adams was moving for post-conviction relief.
2. Return of Motion
¶ 10. Adams also contends that the court erred in not returning his filing to him, as allowed under Mississippi Code Annotated section 99-39-9(4) (Supp.2006).
¶ 11. The trial court found Adams' motion lacking on the ground that it failed to provide a "concise statement of the claims or grounds upon which the motion is based," as required by Mississippi Code Annotated section 99-39-9(1)(c) (Supp. 2006). Section 99-39-9(4) reads: "If the motion . . . does not substantially comply with the requirements of this section, it shall be returned to the prisoner if a judge of the court so directs, together with a statement of the reason for its return." (emphasis added).
¶ 12. We agree with the court that Adams' motion failed to state a claim upon which relief could be granted. Under Mississippi Code Annotated section 99-39-5(1) (Supp.2006), the following grounds are valid claims for post-conviction relief: (1) that the sentence or the conviction is violative of either the United States Constitution or Mississippi laws; (2) that the sentencing court lacked jurisdiction; (3) that the statute underlying either the sentence or the conviction is unconstitutional; (4) that the sentence given exceeds the maximum allowed; (5) that there are new material facts that require vacation of the sentence or conviction; (6) that a guilty plea was not voluntary; (7) that a petitioner is being held unlawfully; (8) that the petitioner is entitled to an out-of-time appeal; or (9) that the "conviction or sentence is otherwise subject to collateral attack upon any grounds . . . available under any common law, statutory or other writ. . . ." In his filing for post-conviction relief, Adams provided no reason whatsoever for relief. The motion stated merely that "petitioner now moves in Post-Conviction Collateral Relief, not for delay, but solely in the interest of Justice, so that justice may be served." Therefore, Adams failed to state a basis for a claim upon which relief could be granted.
¶ 13. The statute, while stating that the motion "shall" be returned to the prisoner, is clear that the determination of whether to return a motion is left to the discretion of the trial court. At no time during any of these proceedings has Adams alleged any ground for post-conviction relief. The court questioned Adams extensively before accepting his guilty plea, negating any doubt that Adams committed the crimes that he pleaded guilty to. In Carr v. State, 881 So.2d 261, 265(¶ 13) (Miss.Ct.App.2003), we noted that a petitioner's motion did not "technically *644 comply with the requirements of the pleading" and that the judge; therefore, "could have refused to hear this motion because of its noncompliance." Clearly, a court is not always required to return a post-conviction relief motion that fails to comply with statutory requirements.[3]
¶ 14. In Ford v. State, 708 So.2d 73, 76(¶ 13) (Miss.1998), the Mississippi Supreme Court noted that a petitioner's motion should be returned to him when "the appellant can survive summary dismissal under § 99-39-11(2)." Mississippi Code Annotated section 99-39-11(2) (Rev.2000) states: "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal. . . ." In this case, it plainly appeared from the face of Adams' motion that he was not entitled to any relief. Therefore, the court was not required to send Adams' motion back.
¶ 15. Under these circumstances, the court did not err in declining to return Adams' motion. This allegation of error is without merit.
3. Forfeiture of Earned Time
¶ 16. Adams next contends that the court erred in ordering the forfeiture of sixty days of earned time. To begin, we note that Adams is serving his sentence day-for-day as a habitual offender, in accordance with Mississippi Code Annotated section 99-19-81 (Rev.2000).[4] Therefore, Adams cannot accrue earned time and cannot be prejudiced by the forfeiture of his non-existent earned time. Furthermore, Mississippi Code Annotated section 47-5-138 (Supp.2006) states that an inmate who files a suit that is "frivolous, malicious or for failure to state a claim upon which relief could be granted . . . shall forfeit" sixty days of earned time. Since we have found that the court was correct in finding that Adams failed to state a claim upon which relief could be granted, forfeiture of sixty days of earned time would have been proper if Adams was able to receive earned time. (emphasis added).
¶ 17. Clearly, this issue is without merit.
4. Recusal
¶ 18. In his supplemental brief, Adams asserts that the court erred in declining to recuse. The basis of Adams' argument is that Judge Roberts, who presided over both Adams' guilty plea hearing and his motion for post-conviction relief, stated at the hearing that "I can make a record here today where if he does file such a [motion for post-conviction relief], it will be a sham."
¶ 19. We note first that Adams did not request Judge Roberts' recusal prior to the denial of Adams' motion for post-conviction relief. Instead, over four months later, Adams filed a motion requesting recusal. By that time, Judge Roberts had not only ruled on Adams' motion for post-conviction relief, but had also left the Lauderdale County Circuit Court to serve on this Court. Therefore, the denial of the recusal motion as moot was clearly proper, and Adams can succeed on his recusal claim only if we find that Judge Roberts *645 should have recused himself from hearing Adams' post-conviction matter sua sponte.
¶ 20. The Mississippi Supreme Court has indicated that a judge is required to recuse himself from hearing a case only if "a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." Payton v. State, 897 So.2d 921, 943(¶ 73) (Miss.2003) (quoting Taylor v. State, 789 So.2d 787, 797(¶ 43) (Miss.2001)). There is a "presumption of impartiality . . . that a trial judge is qualified and unbiased, and this presumption may only be overcome by evidence which produces a reasonable doubt about the validity of the presumption." Id. (citations omitted).
¶ 21. No credible evidence has been produced to present a "reasonable doubt about the validity of the presumption." Adams offers no evidence in support of his contention other than the court's statement that a motion filed by Adams would be a "sham." This statement must be taken in context. Judge Roberts had just finished extensively questioning Adams as to the voluntariness and validity of his desire to plead guilty. In other words, the court was confirming that there was absolutely no reason not to accept Adams' guilty plea. When Adams' attorney reminded the court that Adams would be able to file a motion requesting post-conviction relief regardless of the questioning, Judge Roberts explained that he was making a record clearly showing that any motion challenging the validity of the plea would be without merit, i.e., a "sham." Under these circumstances, the court's observation clearly does not raise a "reasonable doubt about the validity of the presumption." Since no other evidence supporting Adams' allegations has been presented, this issue is without merit.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.
NOTES
[1] Adams asserts only two issues in his initial brief, and one additional issue in his supplemental brief. However, for clarity's sake, we have separated Adams' first issue into two issues.
[2] The filing for post-conviction collateral relief in conviction number 580-04 was worded almost identically, except that it omitted the "motion for notice" language, and merely stated that Adams was filing a "motion."
[3] We note that this is not a simple case of a filing that is "inartfully drafted." See Ford v. State, 708 So.2d 73, 76(¶ 12) (Miss.1998). Nothing in Adams' filing indicated that he has a "meritorious" complaint. Id.
[4] Section 99-19-81 states that a habitual offender like Adams "shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation." (emphasis added).