954 So.2d 535 (2007)
Milton Lee MARTIN a/k/a Iceburg, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KP-00919-COA.
Court of Appeals of Mississippi.
April 24, 2007.
*536 Milton Lee Martin, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before LEE, P.J., BARNES and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. This is an appeal challenging the jurisdiction of a trial court, the validity of an indictment, and legality of a sentence as a result of a guilty plea. Finding that this Court is without jurisdiction to hear all but one claim before us, we affirm the conviction and sentence, and dismiss without prejudice the other claims in this appeal.

FACTS
¶ 2. On February 7, 2006, Milton Lee Martin was indicted by a Lee County grand jury as a habitual offender for the crime of burglary of a dwelling and petit larceny. Miss.Code Ann. § 99-19-81 (Rev.2000) (mandating habitual criminals be sentenced to the maximum term of imprisonment); § 97-17-23 (Rev.2006) (criminalizing burglary of a dwelling); § 97-17-43 (criminalizing larceny of property under $500 in value). On February 16, 2006, Martin filed a pro se "Memorandum of Law For Petition For Writ of Habeas Corpus."
¶ 3. On May 26, 2006, while Martin's habeas corpus pleading was still pending, Martin withdrew his plea of not guilty and entered a guilty plea. In exchange for Martin's guilty plea, the State retired the habitual portion of Martin's indictment and recommended a sentence of twenty-five years imprisonment. The benefit to Martin is that he would not be required to serve each day of a statutorily mandated maximum sentence under Section 99-19-81.
¶ 4. On June 15, 2006, a three justice panel of the Mississippi Supreme Court, aware that Martin had entered a guilty plea, entered an order directing the Lee County Circuit Court to treat Martin's habeas corpus pleading as a notice of appeal. The cause was remanded to the circuit court to determine if Martin should be permitted to proceed in forma pauperis and have appellate counsel appointed to represent him. On June 19, 2006, the circuit court granted Martin leave to appeal in forma pauperis, but held that Martin was not entitled to appointed appellate counsel. His appeal has been assigned to this Court.

DISCUSSION
¶ 5. On our own initiative, we address this Court's jurisdiction to hear the present direct appeal. Martin's conviction was a result of a guilty plea, not a jury trial. Convictions as a result of a guilty plea are statutorily prohibited from being directly appealed to an appellate court. Miss.Code Ann. § 99-35-101 (Rev.2000). Martin must seek relief through the Mississippi Uniform Post-Conviction Collateral Relief Act. Miss.Code Ann. §§ 99-39-1 to -29; Berry v. State, 722 So.2d 706, 707(¶ 5) (Miss.1998). Notwithstanding this limitation, certain issues may properly be brought before this Court. Id. at 707(¶ 5) (citing Burns v. State, 344 So.2d 1189 (Miss.1977) (holding that issues such as a habeas corpus appeal based on the issue of sentencing may be properly heard.)); Trotter v. State, 554 So.2d 313 (Miss.1989) (appellate jurisdiction valid in matters involving a direct appeal from a sentence). This Court is without jurisdiction to hear the claims raised by Martin other than the legality of his sentence. Johnson v. State, 925 So.2d 86, 88 n. 1 (Miss.2006); Bennett v. State, 865 So.2d 1158, 1159(¶ 2) (Miss. 2004).
¶ 6. Martin was sentenced to twenty-five years imprisonment for the crime of *537 burglary of a dwelling. That crime carries a maximum sentence of twenty-five years. Miss.Code Ann. § 97-17-23. A trial court has complete discretion to sentence a convicted defendant. Isom v. State, 928 So.2d 840, 850(¶ 41) (Miss.2006) (citations omitted). A sentence that does not exceed the statutory maximum sentence allowed is not subject to appellate review and will not be disturbed on appeal. Id. The record reflects that Martin was well aware of the sentence the trial court would impose upon him as a result of his guilty plea. The sentence Martin received does not exceed the statutory maximum sentence allowed and is therefore legal.
¶ 7. We dismiss the remaining arguments in Martin's appeal without prejudice for lack of jurisdiction under Section 99-35-101.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, PAY A FINE OF $1,000 AND $300 IN RESTITUTION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.