MAXWELL, J.,
 

 for the Court.
 

 ¶ 1. Calvin Lee Robinson, pro se, appeals the Leflore County Circuit Court’s dismissal of his second petition for post-conviction relief (PCR). On appeal, Robinson claims: (1) the circuit court erred in finding his second PCR petition was barred as a successive petition; (2) his sentence of thirty years’ imprisonment with ten years suspended for statutory rape was outside of the scope of the sentencing guidelines, disproportionate to the offense charged, and excessive; (3) the underlying indictment was insufficient because it did not include the judicial district where the crime was alleged to have occurred; (4) and the circuit court committed plain error because it failed to require a factual basis for Robinson’s guilty plea, and because the circuit judge failed to advise Robinson of his right to a direct appeal of his sentence.
 

 ¶ 2. Because we find that Robinson’s present PCR petition was filed outside of the three-year statute of limitations, and is also successive to a previously-filed petition, it is proeedurally barred from our review. Accordingly, we do not reach the merits of his arguments and affirm the circuit court’s judgment of dismissal.
 

 FACTS AND PROCEDURAL BACKGROUND
 

 ¶3. On June 27, 2002, Robinson was indicted for statutory rape. He pled guilty, and on July 24, 2003, he was sentenced to a term of thirty years in the custody of the Mississippi Department of Corrections (MDOC), with ten years suspended. The circuit court also ordered Robinson to serve an additional five years of supervised probation after his release from imprisonment.
 

 ¶ 4. On July 23, 2004, Robinson filed his first PCR petition, which was denied by the circuit court. In his first PCR petition, he argued that: (1) his guilty plea was involuntary; (2) his counsel was constitutionally ineffective; and (3) his sentence was disproportionate to the evidence presented and the crime charged. Robinson did not appeal the circuit court’s denial of his first PCR petition.
 

 ¶ 5. Thereafter, on September 24, 2007, Robinson filed his second PCR petition, which the circuit court dismissed as a successive petition. He now appeals the dismissal of his second PCR petition.
 

 STANDARD OF REVIEW
 

 ¶ 6. The circuit court may summarily dismiss a PCR petition “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled
 
 *142
 
 to any relief[.]” Miss.Code Ann. § 99-39-11(2) (Rev.2007). “On appeal, this Court will affirm the summary dismissal of a PCR [petition] if the petitioner has failed to demonstrate ‘a claim procedurally alive substantially showing [the] denial of a state or federal right....’”
 
 Flowers v. State,
 
 978 So.2d 1281, 1283(¶5) (Miss.Ct.App.2008) (citing
 
 Young v. State,
 
 731 So.2d 1120, 1122(¶ 9) (Miss.1999)). This Court, however, reviews questions of law de novo.
 
 Johnson v. State,
 
 962 So.2d 87, 89(¶ 8) (Miss.Ct.App.2007).
 

 LAW
 

 I. Robinson’s second PCR petition is barred by the three-year statute of limitations.
 

 ¶ 7. “A [petition] for post-conviction relief filed more than three years after the entry of judgment on a guilty plea is procedurally barred.”
 
 Glenn v. State,
 
 940 So.2d 969, 970(¶ 4) (Miss.Ct.App.2006); Miss.Code Ann. § 99-39-5(2) (Rev.2007). Robinson pled guilty on December 11, 2002, and was sentenced on July 24, 2003. His PCR petition presently before this Court was filed on September 24, 2007, more than four years after the circuit court’s entry of judgment.
 

 ¶ 8. In limited circumstances, an untimely filed PCR petition may be excepted from the three-year statute of limitations. Mississippi Code Annotated section 99-39-5(2) excepts from the time bar:
 

 those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
 

 ¶ 9. Here, Robinson’s claims do not fall within any of the statutory exceptions. Nevertheless, in an attempt to circumvent the time bar, he argues that this Court’s decision in
 
 Towner v. State,
 
 837 So.2d 221 (Miss.Ct.App.2003) is an intervening decision that if applied would cause a different result in his case, more specifically a lesser sentence.
 

 ¶ 10. In
 
 Towner,
 
 the defendant was convicted of selling cocaine and was sentenced to thirty years in the custody of the MDOC.
 
 Id.
 
 at 223(¶ 1). Towner appealed, arguing that his case should be remanded because the sentence imposed by the circuit court was disproportionate to his crime. M at 227(¶ 19). The circuit judge agreed. On his own motion, the circuit judge asked this Court for authority to review the sentence because of his second thoughts that he may have been too harsh.
 
 Id.
 
 This Court granted the circuit judge’s motion and remanded the case for a review of the sentence.
 
 Id.
 
 at (¶ 21).
 

 ¶ 11. We find that Robinson’s reliance on
 
 Towner
 
 is misplaced as
 
 Towner
 
 did not create a new rule of law that requires a different result in Robinson’s case. Rather, in
 
 Toumer,
 
 this Court sought guidance from prior supreme court decisions,
 
 White v. State,
 
 742 So.2d 1126, 1135-38 (¶¶ 32-48) (Miss.1999) and
 
 Davis v. State,
 
 724 So.2d 342, 345(¶ 15) (Miss.1998), which both preceded Robinson’s guilty plea and sentencing hearing.
 
 Towner,
 
 837 So.2d at
 
 *143
 
 227(¶ 21). More importantly though, in
 
 Towner,
 
 this Court did not hold that every criminal defendant must be given a sentence proportionality hearing. Much to the contrary, we carefully limited Towner’s application to the “uniqueness of [the] particular case,” noting that the “trial judge acknowledge^ he may have been too harsh and the prosecuting district attorney stated he ha[d] no objection to a re-sentencing hearing.”
 
 Id.
 

 ¶ 12. In
 
 Moody v. State,
 
 964 So.2d 564, 568(¶ 18) (Miss.Ct.App.2007), we were faced with a post-conviction allegation, much akin to Robinson’s-that the trial court erred in handing down a disproportionate sentence. Jonathan Moody, like Robinson, argued that he was entitled to have his case remanded for a review of his sentence in light of the
 
 Towner
 
 decision.
 
 Id.
 
 In denying Moody’s request, we further acknowledged the unique circumstance in
 
 Towner,
 
 as well as its limited application.
 
 Id.
 
 at (¶¶ 18-21). We found that no such unique circumstances were present in Moody’s case and that he was not entitled to a review of his sentence.
 
 Id.
 
 at (¶ 21).
 

 ¶ 13. As was the case in
 
 Moody,
 
 here we are also unable to find anything in the record to establish that the circuit court had second thoughts about the length of Robinson’s sentence. Nor is there any evidence that the State agreed to a re-sentencing. Therefore, even if
 
 Towner
 
 is considered an intervening decision, its application does not affect the outcome of Robinson’s sentence.
 

 ¶ 14. We have previously held that “[a] sentence that does not exceed the statutory maximum sentence allowed is not subject to appellate review and will not be disturbed on appeal.”
 
 Martin v. State,
 
 954 So.2d 535, 537(¶ 6) (Miss.Ct.App.2007) (Citing
 
 Isom v. State,
 
 928 So.2d 840, 850(¶ 41) (Miss.2006)). The maximum sentence for the statutory rape of a child under fourteen years of age by a perpetrator over eighteen years of age is
 
 “imprisonment for life in the State Penitentiary^'
 
 Miss.Code Ann. § 97 — 3—65(3)(c) (Supp.2008) (emphasis added). Robinson’s sentence of thirty years’ imprisonment with ten years suspended was well below the maximum sentence of life imprisonment he faced under the statutory rape statute. In fact, it falls near the bottom of the mandatory minimum sentence of twenty years’ imprisonment.
 
 See
 
 Miss.Code Ann. § 97-3-65(3)(c).
 

 ¶ 15. Accordingly, we find Robinson’s PCR petition was filed outside the three-year statute of limitations and does not fall within any of the statutory exceptions. Therefore, Robinson’s PCR petition is time-barred from our review.
 
 [1]
 

 II. Robinson’s second PCR petition is also barred as a successive writ.
 

 ¶ 16. Not only was Robinson’s second PCR petition filed outside the applicable statute of limitations, it is also barred as a successive writ. According to Mississippi Code Annotated section 99-39-23(6) (Supp.2008), any order dismissing a prisoner’s petition or otherwise denying relief is a final judgment, shall be conclusive until reversed, and shall be a bar to a second or successive petitions. However, there are several exceptions to the successive pleadings bar, including:
 

 those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi
 
 *144
 
 or the United States that would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
 

 Miss.Code Ann. § 99-39-23(6). It is the defendant’s burden to prove by a preponderance of the evidence that his claims are not barred as successive writs.
 
 Carbin v. State,
 
 942 So.2d 231, 233(¶ 9) (Miss.Ct.App.2006).
 

 ¶ 17. Robinson filed a PCR petition in 2004, which the circuit court considered and denied. Robinson did not appeal the denial of his 2004 PCR petition. Instead, he waited until 2007 and filed a second, successive PCR petition.
 

 ¶ 18. Robinson now argues that because his first PCR petition did not technically comply with the Mississippi Uniform PosN Conviction Collateral Relief Act, the circuit court improperly found his second PCR petition was successive. Robinson does not set forth the specific technical deficiencies he contends existed in his first PCR petition. Instead, he simply maintains it did not meet the requirements of Mississippi Code Annotated section 99-39-9 (Rev.2007).
 

 ¶ 19. Nevertheless, we note that circuit courts have discretion to consider PCR petitions that do not comply with section 99-39-9.
 
 See Adams v. State,
 
 962 So.2d 640, 643(¶ 13) (Miss.Ct.App.2007). In
 
 Adams,
 
 a prisoner offered a similar argument that the circuit court improperly denied his PCR petition and should have returned his PCR petition because it did not comply with the technical requirements of Mississippi Code Annotated section 99-39-9(l)(c).
 
 Id.
 
 at (¶ 11). This Court held that mere technical deficiencies in a PCR petition do not mandate that they be returned to the prisoner.
 
 Id.
 
 at 643-44 (¶¶ 13, 14). Rather, “the determination of whether to return a motion [that is technically deficient] is left to the discretion of the [circuit] court.”
 
 Id.
 
 at 643(¶ 13).
 

 ¶ 20. In the present case, Robinson’s first petition was entitled “Post[-]conviction Relief Act.” The petition was accompanied by the affidavit of Robinson’s wife, and it contained allegations concerning the voluntariness of his guilty plea, his assertion that his counsel was ineffective, as well as a similar argument about the dis-proportionality of his sentence. The circuit court considered these issues and denied Robinson’s first PCR petition on the merits, as it had the discretion to do. Therefore, we find Robinson’s second PCR petition is not only barred by the three-year statute of limitations, but it is also procedurally barred as a successive petition. Accordingly, we affirm the circuit court’s dismissal of Robinson’s second PCR petition.
 

 ¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEFLORE COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
 

 [1]
 

 . It is well settled that this Court may affirm an order of the circuit court on appeal for a different reason than those offered by the circuit court.
 
 Puckett v. Stuckey,
 
 633 So.2d 978, 980 (Miss.1993);
 
 Powell v. State,
 
 824 So.2d 661, 667(¶ 26) (Miss.Ct.App.2002).