# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-00781-COA

**CARY DOWDEN**                                                                        **APPELLANT**

v.

**STATE OF MISSISSIPPI**                                                                  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/16/2015 |
| TRIAL JUDGE: | HON. VERNON R. COTTEN |
| COURT FROM WHICH APPEALED: | NEWTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDMUND J. PHILLIPS JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| DISTRICT ATTORNEY: | MARK SHELDON DUNCAN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF FOUR COUNTS OF SEXUAL BATTERY AND SENTENCED TO FOUR CONSECUTIVE TERMS OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PAROLE OR EARLY RELEASE |
| DISPOSITION: | AFFIRMED – 11/08/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND ISHEE, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.     A jury sitting before the Newton County Circuit Court found Cary Dowden guilty of four counts of sexual battery of a child younger than fourteen years old. The circuit court sentenced Dowden to four consecutive life sentences in the custody of the Mississippi Department of Corrections without the possibility of parole or early release. Dowden appeals and raises the following issues: (1) the circuit court erred when it restricted his cross-

examination of the victim regarding alleged prior inappropriate touching by other people; (2) the circuit court erred when it excluded testimony that Dowden had passed a drug test; (3) he received ineffective assistance from his trial counsel; (4) Count I of the indictment was fatally defective; (5) there was insufficient evidence for the jury to find him guilty of Count I; and (6) the jury's guilty verdict in Count I is contrary to the overwhelming weight of the evidence.

### FACTS AND PROCEDURAL HISTORY

¶2.     As of October 2012, Elaine Adams[1] was twenty-three years old, homeless, and struggling with her drug addiction to crystal methamphetamine. She had given custody of her six-year-old son, Alex, to her stepmother, Martha Chastain. Elaine's drug dealer introduced her to Dowden, who was forty-seven years old. Dowden allowed Elaine to move into his house in Newton County, Mississippi. Elaine later testified that she was to "do whatever he wanted [her] to do, and [she] had a place to stay and the dope that [she] wanted." Dowden disputed that. According to him, he took Elaine in out of compassion, and because he needed her to drive him around.

¶3.     Because Elaine had found a place to live, Martha decided to allow Alex to visit with Elaine at Dowden's house for a weekend during November 2012. Accompanied by his seventeen-year-old aunt, Amanda Chastain, Alex's first weekend visit with Elaine and Dowden was unremarkable, so Martha allowed Elaine to have another weekend visit with Alex. Amanda also went with Alex during his second weekend visit at Dowden's house.

---

[1] To protect the victim's identity, we substitute fictitious names for him and the adult family members associated with him.

However, Amanda did not go with Alex when he visited with Elaine and Dowden during February 2013. Because Alex began "acting out really, really bad" after that visit, Martha stopped Alex's weekend visits with Elaine and Dowden.

¶4. Later, Martha was helping Alex get ready to take a shower when he told her that he had a secret, but he refused to elaborate. During March 2013, Alex confided in Amanda and described sexual abuse by both Elaine and Dowden. Amanda relayed Alex's revelation to Martha. Martha filed a report with authorities and took Alex to the University of Mississippi Medical Center. Later, Alex underwent at least two forensic interviews.

¶5. Elaine and Dowden were arrested during April 2013. In June 2014, Dowden was indicted and charged with four counts of sexual battery of a child. In September 2014, Elaine pleaded guilty to statutory rape and two counts of sexual battery. The record before us does not contain Elaine's sentencing order, but she testified that she had been sentenced to "[t]hirty years, mandatory." She also agreed to testify against Dowden, whose trial began on April 14, 2015.

¶6. Alex was nine years old at that time. Following a competency hearing, the prosecution called Alex as its first witness. The prosecution also called Martha and Elaine. Alex and Elaine described disturbing sexual abuse during Alex's second weekend visit,[2] and a subsequent weekend visit in February 2013. Taken together and stated in the least graphic manner possible, their testimonies reflected that Dowden tied Elaine to a bed, and he anally

---

[2] Although Amanda had accompanied Alex during his second weekend visit with Elaine and Dowden, Elaine testified that the sexual abuse occurred after Amanda had gone to bed with a migraine headache.

and orally penetrated Alex. There was also testimony that Alex complied with Dowden's instructions to perform oral sex on Elaine, and Dowden "guided" Alex through vaginal intercourse with her.[3] Further testimony reflected that Elaine and Dowden both performed oral sex on Alex, and Alex anally penetrated Dowden. Alex testified that Dowden told him not to tell anyone what had happened during the weekend visits, and he obeyed because he did not want Elaine to go to jail.

¶7.     Dowden chose to testify. He denied all of the allegations against him. According to Dowden, Alex's testimony had been coached. He also opined that the charges stemmed from Elaine's bitterness over the fact that he "was due to get a million[-]dollar settlement[,] and [he] had already kicked [Elaine] out two times for various reasons . . . ." As previously mentioned, the jury found Dowden guilty of all four counts of sexual battery, and the circuit court sentenced him to four consecutive life sentences. Dowden appeals.

## LAW AND DISCUSSION

### I.     Alex's Cross-Examination

¶8.     Dowden claims that the circuit court erred when it prohibited him from cross-examining Alex regarding alleged prior instances of inappropriate touching. More specifically, Dowden sought to cross-examine Alex about a statement he had purportedly given during a forensic examination, indicating some form of touching that involved cousins who were approximately the same age as him. During Dowden's cross-examination of Alex,

---

[3] According to Elaine, she did not put forth a strong effort to stop the sexual abuse, because she was afraid of Dowden, she had been homeless before she moved into his house, and he provided her with drugs.

the following exchange occurred:

> Q.      Your Aunt told [Martha] that is what you said. Do you remember going over to the University Hospital, a big hospital in Jackson after that?
>
> A.      Yes.
>
> Q.      And then after that, do you remember talking to a lady in Jackson about what happened?
>
> A.      Yes.
>
> Q.      Okay. Do you remember telling that lady about your two cousins?

At that time, the prosecution objected on the basis of relevancy. Outside the presence of the

jury and Alex, Dowden's attorney stated:

> [O]n May 2, 2013, [Alex] was interviewed at the Mississippi Children's Advocacy Center in Byram, Mississippi[,] about these incidences. He was carried over there and[,] according to the statement, per [Martha], . . . she was stating that [Elaine] . . . and . . . Dowden took a shower, hiding from the police and something had happened. And that he was questioned by this lady and gave no statement about - - he talked about other young children that were his age, but he didn't make any statement about [Elaine] or . . . Dowden being involved, and so, Your Honor, it's a prior inconsistent statement, inconsistent with what he's testifying here and I think it's relevant.

The prosecution responded:

> In that interview he alleges that some cousins of his touched him inappropriately. Your Honor, that's the portion that I object to. [Counsel for Dowden] wants to get into the fact that [Alex did not] implicate [Dowden] in that statement, that's fine, but he's not allowed to talk about other allegations towards other people that were made at this time. Your Honor, it's not relevant to what we're hearing. He can bring it up to talk about how [Alex] didn't remember, as far as [Dowden] and [Elaine go], then that's fine, but we object to . . . any allegations that [Alex] made about his cousins and anything that they did.

Upon further discussion, the circuit court held that Dowden was prohibited from cross-

5

examining Alex regarding alleged prior incidents involving improper sexual touching with people other than Elaine and Dowden.

¶9. Dowden claims the circuit court committed reversible error. According to Dowden, Martha took Alex to speak with a counselor, but Alex did not implicate Dowden. Instead, Alex said that his cousins had touched him inappropriately. Dowden claims that Martha then took Alex to talk to a deputy, but Alex still did not implicate Dowden, so Martha took Alex to speak with yet another counselor. Citing Rule 401 of the Mississippi Rules of Evidence, Dowden argues that Alex's prior statements were relevant and they had probative value. Thus, Dowden concludes that Alex's prior statements were admissible. Dowden further argues that Alex's prior statements were "not prohibited under [Mississippi Rule of Evidence] 412, because it was not his history of sexual behavior that is of concern[,] but his truthfulness."

¶10. "The admissibility of evidence rests within the discretion of the trial court, and reversal is appropriate only when a trial court commits an abuse of discretion resulting in prejudice to the accused." *Irby v. State*, 893 So. 2d 1042, 1047 (¶20) (Miss. 2004) (internal citation omitted). "Irrelevant evidence is not admissible." M.R.E. 402. "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence." M.R.E. 401(a). Furthermore, the fact must be "of consequence in determining the case." M.R.E. 401(b). But a trial "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, waste of time, or needlessly presenting

6

cumulative evidence." M.R.E. 403.

¶11. Although Dowden sought to introduce evidence that Alex told a forensic interviewer that cousins approximately the same age had touched him in some form, there was no evidence that Alex described sexual touching. Alex was six years old when he described sexual abuse by Elaine and Dowden. Presumably, he would have been six years old or younger when whatever touching occurred between him and his cousins. That evidence would not have made it more or less probable that Dowden was guilty of the charges he faced. It was within the circuit court's discretion to find that the prejudicial effect of the testimony at issue outweighed its probative value. "As long as the trial court remains within the confines of the Mississippi Rules of Evidence, its decision to admit or exclude evidence will be accorded a high degree of deference." *Towner v. State*, 837 So. 2d 221, 226 (¶13) (Miss. Ct. App. 2003). We find no merit to this issue.

## II. Testimony that Dowden Passed a Drug Test

¶12. Next, Dowden claims the circuit court erred when it sustained the prosecution's objection to his testimony that he had passed a drug test. Earlier, Elaine had testified that he habitually used drugs. During his direct examination, Dowden stated that he "passed the drug test after they run over me with the M[ack] truck." The circuit court sustained the prosecution's unspecified objection.

¶13. As discussed above, Rule 401 provides that relevant evidence tends to make a fact of consequence more or less probable. That Dowden passed a drug test sometime prior to the events at issue did not make it more or less probable that he was guilty of the charges he

faced. It could have possibly impeached Elaine's testimony that he used drugs, but there is no evidence that the wreck or the drug test occurred while Elaine was living in Dowden's home. It was within the circuit court's discretion to sustain the prosecution's objection. As such, we find no merit to this issue.

### III.    Assistance of Counsel

¶14.    In this issue, Dowden claims he received ineffective assistance from his trial counsel because he did not request the appointment of "a neurologist to assist in planning and presentation of the case" because Dowden had been diagnosed with Tourette's syndrome. Dowden further claims his trial counsel was ineffective because he did not object to a portion of Martha's testimony indicating that Alex was afraid of him, or Elaine's testimony regarding "uncharged bad acts."

¶15.    Rule 22(b) of the Mississippi Rules of Appellate Procedure provides:

> Issues which may be raised in post-conviction proceedings may also be raised on direct appeal if such issues are based on facts fully apparent from the record. Where the appellant is represented by counsel who did not represent the appellant at trial, the failure to raise such issues on direct appeal shall constitute a waiver barring consideration of the issues in post-conviction proceedings.

And the Mississippi Supreme Court has held:

> It is unusual for [an appellate c]ourt to consider a claim of ineffective assistance of counsel when the claim is made on direct appeal. This is because we are limited to the trial court record in our review of the claim[,] and there is usually insufficient evidence within the record to evaluate the claim . . . . [W]here the record cannot support an ineffective assistance of counsel claim on direct appeal, the appropriate conclusion is to deny relief, preserving the defendant's right to argue the same issue through a petition for post-conviction relief. [An appellate c]ourt will rule on the merits on the rare occasions where (1) the record affirmatively shows ineffectiveness of constitutional

8

dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge.

*Wilcher v. State*, 863 So. 2d 776, 825 (¶171) (Miss. 2003) (internal citations and quotations omitted).

¶16. The record does not affirmatively indicate that Dowden received ineffective assistance of constitutional dimensions. Nor have the parties stipulated that the record is adequate to allow us to make findings without considering a trial judge's findings of fact. As a result, we decline to address this issue. Thus, we dismiss Dowden's claims under this heading without prejudice to his ability to raise them in postconviction proceedings, if he chooses to do so.

### IV. Count I of the Indictment

¶17. Next, Dowden claims that Count I of the indictment failed to charge him with a crime. Count I of the indictment charged that Dowden:

> [D]id willfully, unlawfully and feloniously engage in sexual penetration with [Alex], at a time when [Alex] was a child under the age of fourteen (14) years, when . . . Dowden was more than twenty-four (24) months older than . . . [Alex], by causing . . . [Alex] to insert his penis into the anal opening of . . . Dowden . . . .

Essentially, Dowden argues that it is impossible to be guilty of sexual battery when he was sexually penetrated by Alex. Dowden notes that Mississippi Code Annotated section 97-3-95(1)(d) (Rev. 2014) provides that "[a] person is guilty of sexual battery if he or she engages in sexual penetration with . . . [a] child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child." According to

Dowden, "[t]he allegations of this count describe penetration of Appellant's body by [Alex's] . . . penis but do not describe penetration of [Alex's] body by Appellant. Thus the allegations of this count do not comport with or charge a crime under this statute."

¶18. Dowden's reasoning is misplaced. Section 97-3-95(1)(d) does not discuss sexual penetration "of" the victim. The statute criminalizes sexual penetration "with" the victim. "Whether there was penetration 'of' or penetration 'with' [the victim] is not an essential element of the crime and is not relevant." *Hennington v. State*, 702 So. 2d 403, 408 (¶20) (Miss. 1997). Consequently, there is no merit to this issue.

## V. Sufficiency of the Evidence

¶19. Dowden claims there was insufficient evidence to find him guilty of Count I, because Alex did not testify that Dowden had committed the crime charged. Count I charged Dowden with "causing [Alex] to insert his penis into" Dowden's anus. When asked whether he "ever put [his] penis anywhere on" Dowden, Alex answered, "No." Dowden reasons that the circuit court erred when it denied his motion for a judgment notwithstanding the verdict (JNOV) related to Count I.

¶20. In reviewing the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Nolan v. State*, 61 So. 3d 887, 893 (¶24) (Miss. 2011) (quoting *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005)). All credible evidence consistent with the defendant's guilt will be accepted as true, together with all favorable inferences that may be reasonably drawn from

the evidence. *Robinson v. State*, 940 So. 2d 235, 240 (¶13) (Miss. 2006) (citing *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993)).

¶21.    Alex was six years old when he visited Elaine at Dowden's house.  Notwithstanding his testimony during direct examination that he did not put his penis anywhere on Dowden, he had previously testified that he had orally penetrated Dowden.  And during cross-examination, he confirmed that he did not remember everything that had happened.  But Elaine testified that she was tied to the bed while Alex and Dowden "exchanged intercourse." When asked to clarify, Elaine testified that Dowden "entered [Alex]'s buttock[,] and [Alex] entered [Dowden's] buttocks."  Elaine also responded affirmatively when the prosecution asked her whether she "saw [Alex]'s penis go into [Dowden]'s anus." And it was undisputed that Dowden was significantly more than twenty-four months older than Alex.  Based on Elaine's testimony, there was sufficient evidence for the jury to find beyond a reasonable doubt that Dowden was guilty of sexual battery as charged in Count I.  This issue is without merit.

## VI.    Weight of the Evidence

¶22.    Dowden's argument in this heading is identical to the claim that he raised in the previous issue.  That is, Dowden claims the jury's verdict in Count I is contrary to the overwhelming weight of the evidence, because Alex did not testify that he anally penetrated Dowden.  An appellate court will only disturb a verdict based on the weight of the evidence "when [the verdict] is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Bush*, 895 So. 2d at 844 (¶18). As

we review this issue, we weigh the evidence in the light most favorable to the verdict. *Id*.

¶23. For the reasons discussed in the previous issue, we do not find that allowing the verdict in Count I to stand would sanction an unconscionable injustice. "Factual disputes are properly resolved by a jury and do not mandate a new trial." *Ealey v. State*, 158 So. 3d 283, 293 (¶31) (Miss. 2015). This issue has no merit.

¶24. **THE JUDGMENT OF THE NEWTON COUNTY CIRCUIT COURT OF CONVICTION OF FOUR COUNTS OF SEXUAL BATTERY AND SENTENCE OF FOUR CONSECUTIVE TERMS OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT THE POSSIBILITY OF PAROLE OR EARLY RELEASE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NEWTON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**